UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DEBORAH CLARK,

    Plaintiff,

v.                                            Case No: 6:17-cv-692-Orl-41TBS

MACY'S CREDIT AND CUSTOMER
SERVICES, INC.,

    Defendant.

## ORDER

Pending before the Court is Defendant's Motion to Seal Portions of Defendant's Declaration and Exhibits to be Filed in Opposition to Plaintiff's Motion for Class Certification (Doc. 35). Plaintiff does not oppose the motion (Doc. 40). For the foregoing reasons, the motion is **granted in part and denied in part.**

## Background

This is a putative class action for violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (Doc. 1). Plaintiff alleges that she and other similarly situated persons were the recipients of so-called "robocalls" made using an automatic telephone dialing system in an attempt by Defendant to collect consumer debts (Id., ¶¶ 17, 28). Defendant contends that it does not belong in this case and that the proper defendant is FDS Bank (Doc. 11, n. 1). FDS Bank does not have a Macy's account for Plaintiff (Doc. 36-1, ¶15). But, it does have an account for Plaintiff's mother, Ronda Mercer and collection calls were made to her (Id., ¶¶ 15, 31). When Ms. Mercer asked FDS Bank to stop calling her number, the Bank allegedly complied (Id., ¶ 31). In addition to its claim that it is not a proper party to this action, Defendant has filed a motion to dismiss in which

it argues that Plaintiff lacks standing because she has failed to allege any injury-in-fact that is traceable to Defendant's alleged conduct (Id., at 2-3). The Court has the motion under advisement.

Plaintiff has filed a motion for class certification (Doc. 25), and Defendant has submitted a response which includes the redacted Declaration of Daniel Delgado (Docs. 34, 36). Defendant seeks leave of Court to file the unredacted Delgado declaration under seal (Doc. 35). As grounds, it represents that "[p]ortions of the Declaration relate[ ] to highly sensitive business and proprietary data policies and procedures, including internal policies and procedures relating to debt collection." (Id., at 2). The declaration also contains "the account records and financial information of a third party, Ronda Mercer." (Id.). Due to the nature of this information, Defendant argues that "[t]here is undoubtedly good cause to seal this competitively sensitive information that, if publicly disclosed, would threaten to undermine Defendant's competitive advantages in the debt collection and account management and strategy arenas, as well as disclose the financial information of a third party." (Id.).

The motion to seal does not sufficiently identify and describe the information Defendant is asking be sealed[1] (Doc. 37). Therefore, the Court directed Defendant to file

---

[1] A party that wishes to file information under seal in this district must comply with Local Rule 1.09 which provides in part:

> (a) Unless filing under seal is authorized by statute, rule, or order, a party seeking to file under seal any paper or other matter in any civil case shall file and serve a motion, the title of which includes the words "Motion to Seal" and which includes (i) an identification and description of each item proposed for sealing; (ii) the reason that filing each item is necessary; (iii) the reason that sealing each item is necessary; (iv) the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal; (v) a statement of the proposed duration of the seal; and (vi) a memorandum of legal authority supporting the seal.

M.D. FLA. R. 1.09(a).

all of the materials it wants sealed for *in camera* review (Id.). Defendant has complied and the Court has examined all of the papers submitted by Defendant.

## Legal Standard

"The filing of documents under seal is disfavored by the Court." Graphic Packaging Int'l, Inc. v. C.W. Zumbiel Co., No. 3:10-cv-891-J-JBT, 2010 WL 6790538, at *1 (M.D. Fla. Oct. 28, 2010). While the parties to a lawsuit "have protectable privacy interests in confidential information disclosed through discovery," once the information becomes a judicial record or public document, the public has a common-law right to inspect and copy the information. In re Alexander Grant & Co. Litig., 820 F.2d 352, 355 (11th Cir. 1987). "Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case." Brown v. Advantage Eng'g, Inc., 960 F.2d 1013, (11th Cir. 1992); Patent Asset Licensing, LLC v. Wideopenwest Fin., LLC, No. 3:15-cv-743-J-32MCR, 2016 WL 2991058, at *1 (M.D. Fla. May 24, 2016). "[I]t is the rights of the public, an absent third party, which are preserved by prohibiting closure of public records, unless unusual circumstances exist." Wilson v. Am. Motors Corp., 759 F.2d 1568, 1570 (11th Cir. 1985).

"Material filed in connection with any substantive pretrial motion, unrelated to discovery, is subject to the common law right of access." Romero v. Drummond Co., Inc., 480 F.3d 1234, 1245 (11th Cir. 2007). "A substantive pretrial motion is '[a] motion that is presented to the court to invoke its powers or affect its decisions, whether or not characterized as dispositive, [and it] is subject to the public right of access." Id. at 1246 (quotation marks and citation omitted).

"The judge is the primary representative of the public interest in the judicial process and is duty-bound therefore to review any request to seal the record (or part of

it). He may not rubber stamp a stipulation to seal the record." Estate of Martin Luther King, Jr., Inc. v. CBS, Inc., 184 F. Supp. 2d 1353, 1363 (N.D. Ga. Feb. 15, 2002) (quoting Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co., 178 F.3d 943, 945 (7th Cir. 1999)). "The right to inspect and copy is not absolute, however, and a judge's exercise of discretion in deciding whether to release judicial records should be informed by a sensitive appreciation of the circumstances that led to the production of the particular document in question." Chemence Med. Prods., Inc. v. Medline Indus., No. 1:13-CV-500-TWT, 2015 WL 149984, at *1 (N.D. Ga. Jan. 12, 2015).

The public's right of access may be overcome by a showing of "good cause" sufficient for the granting of a protective order pursuant to FED. R. CIV. P. 26(c) ("The court may, for good cause, issue an order to protect a party or person form annoyance, embarrassment, oppression, or undue burden or expense …"). "'Good cause' is a well established legal phrase. Although difficult to define in absolute terms, it generally signifies a sound basis or legitimate need to take judicial action." In re Alexander Grant, 820 F.2d at 356.

The Eleventh Circuit has "superimposed a somewhat more demanding balancing or interests approach to the" good cause requirement in Rule 26(c). Farnsworth v. Procter & Gamble Co., 758 F.2d 1545, 1547 (11th Cir. 1985). This means that before making its decision, the court has a duty to balance the public's right of access against the party's interest in confidentiality. "In balancing the public interest in accessing court documents against a party's interest in keeping the information confidential, courts consider, among other facts, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether

the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." Romero, 480 F.3d at 1246 (citation omitted).

## Discussion

The motion for class certification is a substantive pretrial motion.

The first page of Exhibit A to the Delgado declaration contains identifying customer information, and account and payment information for Ronda Mercer. She has a legitimate privacy interest in this information which, if made public, could subject her to annoyance or embarrassment. Accordingly, the motion to seal the first page of Exhibit A is **GRANTED**. The remainder of Exhibit A consists of account notes. The only information in the notes that is appropriately sealed consists of notes of Ms. Mercer's name, statements made to or by Ms. Mercer, and notes of charges that were added to the amount owed. These entries can be redacted and all of the remaining notes shall be made part of the public record. Defendant has 14 days from the rendition of this Order within to make these redactions.

Exhibit B to the Delgado declaration are additional pages of account notes for a Macy's account in the name of Ronda D. Mercer. Ms. Mercer has a legitimate privacy interest in that portion of this information which consists of her name, account number, notes of statements made to or by her, and notes of charges that were added to the account. These entries can be redacted and all of the remaining notes shall be made part of the public record. Defendant has 14 days from the rendition of this Order within to make these redactions.

Exhibits C-M to the Delgado declaration concern FDS Bank collection policies. Defendant asserts that this information is confidential and proprietary. "Where the

- 5 -

proponent of the protective order contends that the materials at issue contain trade secrets, for example, the court must first determine whether such assertion is true." Estate of Martin Luther King, Jr., Inc., 184 F. Supp. 2d at 1366. Before material will be considered trade secrets, the party seeking protection must first show that it has "consistently treated the information as closely guarded secrets, that the information represents substantial value to [the party], that it would be valuable to [the party's] competitors, and that it derives its value by virtue of the effort of its creation and lack of dissemination." Chicago Tribune Co v. Bridgestone/Firestone, Inc., 263 F.3d 1304,1313-14 (11th Cir. 2001). Defendant has not presented any evidence to support its conclusory allegations that the information in question is confidential. Consequently, Defendant has not shown good cause to seal any of this information and its request is **DENIED**.

Defendant might have, but failed to tell the Court who created the information, the time and expense required to create the information, what makes the information both unique and valuable, the number of persons who have had access to the information, the training they received concerning protection of the confidentiality of the information, whether the information is marked "confidential" or "proprietary," whether persons given access to the information must sign a confidentiality agreement, what the confidentiality agreement says about the information, if and how Defendant monitors the use of the information to insure its ongoing confidentiality, the steps taken to preserve the confidentiality of the information when an employee leaves the company, whether regulators have access to the information, if regulators do have access, what prevents them from disclosing the information, what clearly defined and serious injury Defendant will suffer if the information is made public, and how a non-party would profit if they possessed the information.

Additionally, some of the information Defendant wishes to seal consists of scripts debt collectors read from when they speak to customers. Defendant has failed to explain how statements it instructs its employees to make to the public could qualify for sealing.

Based upon the foregoing, the Court does not approve any redactions to paragraphs 1-48 of the Delgado declaration. Accordingly, except for the limited information concerning Ronda Mercer discussed above, the motion is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on September 5, 2017.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Counsel of Record
    Unrepresented Parties