UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DEBORAH CLARK,

    Plaintiff,

v.                                        Case No:   6:17-cv-692-Orl-41TBS

MACY'S CREDIT AND CUSTOMER
SERVICES, INC.,

    Defendant.

## ORDER

This case comes before the Court without oral argument on Defendant's Unopposed Motion to Seal Portions of Defendant's Declaration and Exhibits to be Filed in Opposition to Plaintiff's Motion for Class Certification (Doc. 45). Defendant seeks leave of Court to file portions of the Declaration of Daniel Delgado in Support of Defendant Macy's Credit and Customer Services, Inc.'s Opposition to Plaintiff's Motion for Class Certification (the "Declaration"), including Exhibits C-M to the Declaration under seal. As indicated in the title to the motion, Plaintiff does not oppose it (Id., at 25). Local Rule 1.09(a) provides:

> Unless filing under seal is authorized by statute, rule, or order, a party seeking to file under seal any paper or other matter in any civil case shall file and serve a motion, the title of which includes the words "Motion to Seal" and which includes (i) an identification and description of each item proposed for sealing; (ii) the reason that filing each item is necessary; (iii) the reason that sealing each item is necessary; (iv) the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal; (v) a statement of the proposed duration of the seal; and (vi) a memorandum of legal authority supporting the seal. The movant shall not file or otherwise tender to the Clerk any item proposed for sealing unless the

> Court has granted the motion required by this section. No settlement agreement shall be sealed absent extraordinary circumstances, such as the preservation of national security, protection of trade secrets or other valuable proprietary information, protection of especially vulnerable persons including minors or persons with disabilities, or protection of nonparties without either the opportunity or ability to protect themselves. Every order sealing any item pursuant this section shall state the particular reason the seal is required.

M.D. Fla. Rule 1.09(a). The Court finds that Defendant has sufficiently identified and described the information proposed for sealing and sufficiently explained why filing the information under seal is necessary. Accordingly, the motion to seal is **GRANTED**. Defendant may file **UNDER SEAL** those portions of the Declaration that have been redacted in the public filing, and Exhibits C-M to the Declaration.

Defendant asks that this information be kept under seal until it moves the Court to unseal the information (Id., at 21). This is too indefinite a period of time. Consistent with the Local Rule, the information shall remain under seal for one year from the rendition of this Order. The seal is renewable on motion made prior to the expiration of the seal.

**DONE** and **ORDERED** in Orlando, Florida on October 20, 2017.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record