UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DEBORAH CLARK,

    Plaintiff,

v.                                                          Case No: 6:17-cv-692-Orl-41TBS

MACY'S CREDIT AND CUSTOMER
SERVICES, INC.,

    Defendant.

## ORDER

This case comes before the Court without a hearing on Plaintiff's Unopposed Motion for Extension of Time to Disclose Expert Reports (Doc. 50). A brief overview of the background of this case is required to place the motion in proper context.

On September 9, 2016, Plaintiff filed Case No. 6:16-cv-1582-Orl-41DAB in this Court[1] (Doc. 1). Her complaint alleged that Defendant Macy's Credit and Customer Services, Inc. ("Macys") "robo-called' her more than 100 times in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*. (Id.). In each of the following motions and papers, Macys stated that FDS Bank ("Bank"), a federal savings association owned by FDS Thrift Holding Co., Inc., which in turn is owned by Macys, was the proper Defendant: Certificate of Interested Persons and Corporate Disclosure Statement (Doc. 11, filed October 28, 2016); Defendant's Motion to Stay Proceedings Pending Ruling by the D.C. Circuit Court of Appeals (Doc. 12, filed October 28, 2016); Defendant's Motion to Dismiss Count II of Plaintiff's Complaint (Doc. 13, filed

---

[1] All references in this paragraph are to the docket in Case No. 6:16-cv-1582-Orl-41DAB.

October 28, 2016); and Defendant's Motion to Dismiss Plaintiff's Amended Class Action Complaint[2] (Doc. 20 filed, December 16, 2016). For unknown reasons, on March 27, 2017, Plaintiff voluntarily dismissed the case without prejudice (Doc. 30).

Plaintiff filed this case, No. 6:17-cv-692-Orl-41TBS on April 17, 2017[3] (Doc. 1). Her complaint is a putative class action against Macys for violation of the TCPA (Id.). In its Certificate of Interested Persons/Corporate Disclosure Statement and Motion to Dismiss, Macys again alleged that the Bank is the correct defendant. (Docs. 10-11, both filed May 15, 2017).

On June 13, 2017, the parties filed their Case Management Report in which they proposed that, (a) Plaintiff make her expert disclosures by January 16, 2018; (b) Macys would make its expert disclosures by February 16, 2018; and (c) Plaintiff would make her rebuttal expert disclosures by March 9, 2018 (Doc. 18). The Court accepted these proposed deadlines and incorporated them into the Case Management and Scheduling Order ("CMSO") which governs this case (Doc. 19).

Faced with a July 17, 2017 deadline to file her motion for class certification, Plaintiff filed her Motion for Extension of Time for Plaintiff to File Motion for Class Certification on July 7, 2017 (Doc. 21). She alleged that she needed additional time to conduct discovery relevant to class certification, and that an extension to October 17, 2017 should give her the time she required (Doc. 21). Macys opposed the motion and had through July 21, 2017 to file its response (Id.). Faced with this timing issue, Plaintiff filed

---

[2] On November 18, 2016 Plaintiff amended her complaint to bring a putative class action against Macys (Doc. 17).

[3] All references in this and the remaining paragraphs of this Order are to the docket in Case No. 6:17-cv-692-Orl-41TBS.

her motion for class certification on July 17, 2017 (Doc. 25). Consequently, the Court denied as moot, her motion for extension of time (Doc. 28).

In its opposition to Plaintiff's Motion for Class Certification and in the Declaration of Daniel Delgado in Support of Defendant Macy's Credit and Customer Services, Inc.'s Opposition to Plaintiff's Motion for Class Certification, Macys once again asserted that the Bank is the proper defendant (Docs. 34, 36-1 both filed August 16, 2017).

On September 6, 2017, Plaintiff filed her Motion for Leave to File Amended Complaint to Substitute Two Defendants and to Set New Class Certification Deadline (Doc. 42). The motion seeks to substitute the Bank and Department Stores National Bank ("DSNB") for Macys as defendants in this case (Docs. 42, 42-1). Macys does not oppose the substitution of the Bank or DSNB but it does object to other relief sought in the motion including additional time to move for class certification and the addition of a new putative sub-class (Doc. 43). The district judge has this motion under advisement.

Now, Plaintiff asks the Court for a 90 day extension from when it rules on her motion to amend and grant other relief (Doc. 42), within to take discovery and make her expert disclosures (Doc. 50). Plaintiff represents that Defendant does not oppose the motion (Id. at 3-4).

The motion asks the Court to modify the CMSO. A scheduling order "may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). The "good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" Sosa v. Airprint Systems, Inc., 133 F.3d 1417, 1418 (11th Cir. 1998). "The good cause standard under Rule 16 focuses primarily on the diligence of the party seeking modification of the scheduling order." Dang v. Sheriff of Seminole Cty., Case No. 6:14-cv-37-Orl-31TBS, 2015 U.S. Dist. LEXIS

50946, *3-4 (M.D. Fla. Apr. 16, 2015) (Smith J.). "The burden of establishing good cause/diligence rests squarely on the party seeking relief from the scheduling order." Northstar Marine, Inc. v. Huffman, Case No. 13-0037-WS-C, 2014 U.S. Dist. LEXIS 102419, at *8 (S.D. Ala. July 28, 2014).

The Court is not persuaded that Plaintiff has shown good cause for the requested extension. She has been aware since October 28, 2016 that the Bank may be the correct defendant, but for unknown reasons, she waited until September 6, 2017, to seek leave to amend her complaint to make this change. No explanation has been provided why this issue was not investigated and the change made prior to the filing of the current lawsuit, or if investigation was made, why Plaintiff was not persuaded prior to September, 2017 that she had sued the wrong company.

The Court also finds the motion to be premature. Only if the Court grants the motion for leave to amend will the Bank and DSNB become parties to this case. Until that happens, class discovery from them is inappropriate.

For these reasons, the motion for extension of time is **DENIED without prejudice**.

**DONE** and **ORDERED** in Orlando, Florida on January 8, 2018.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record