UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DEBORAH CLARK, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

FDS BANK and DEPARTMENT STORES NATIONAL BANK,

    Defendants.
_____/

CASE NO.:   6:17-cv-00692-CEM-TBS

***DEMAND FOR JURY TRIAL***

**FIRST AMENDED CLASS ACTION COMPLAINT**

1. Unwanted "Robocalls" are the #1 consumer complaint in America today.

2. The people complaining about harassing robocalls is increasing at an alarming rate. In 2015, 2,125,968 complained to the Federal Trade Commission (FTC), in 2016 this number was 3,401,614 and in 2017 it was 4,501,967.[1]

3. FDS Bank and Department Stores National Bank have a corporate policy to illegally robocall people thousands of times.

4. "Senator Hollings, the TCPA's sponsor, described these calls as 'the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.' 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm*

---

[1] It is important to recognize these merely reflect the number of individuals that complained to these agencies; the number of people that have been victimized by illegal robocalling abuse could be close to 100,000,000 in the last 3 years.

1

*Bank*, F.S.B., 746 F. 3d 1242, 1256 (11th Cir. 2014). Despite the penalties put in place over 26 years ago, robocall abuse continues to skyrocket.

5. Plaintiff, Deborah Clark, individually and on behalf of all others similarly situated, alleges Defendants robocalled her numerous times in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq*. ("TCPA").

## JURISDICTION AND VENUE

6. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331.

7. The alleged violations described in the Complaint while Plaintiff was in Orange County, Florida.

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person, and citizen of the State of Florida, residing in Orange County, Florida.

9. Plaintiff is a "consumer" as defined in Florida Statute 559.55(8).

10. Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

11. Plaintiff is the regular user and carrier of the cellular telephone number at issue, (407) 470-2257. All references herein to the call placed to Plaintiff refer to calls to the (407) 470-2257 number.

12. Defendant, FDS, is a corporation, and a national bank, with its principal place of business located in Mason, Ohio. FDS conducts business in the State of Florida and throughout the United States.

13. Defendant, DSNB, is a national bank, with its principal place of business located in Sioux Falls, South Dakota. DSNB conducts business in the State of Florida and throughout the United States.

14. Defendants, FDS Bank ("FDS") and Department Stores National Bank ("DSNB") are each jointly and severally liable for violation of the TCPA, as alleged herein.

15. All references to Defendants herein, refers to each Defendant, jointly and severally.

16. At all times relevant, FDS and DSNB each placed telephone calls to Plaintiff.

17. On information and belief, FDS made calls to Plaintiff on behalf, or at the request, of Defendant DSNB.

18. DSNB is liable for all calls placed by FDS on DSNB's behalf.

19. Defendants' calls arose from an alleged debt belonging to Plaintiff's daughter, Rhonda Mercer, which arose from alleged purchases on a credit card account that was issued to Ms. Mercer by DSNB.

20. On or about October 17, 2014, DSNB acquired Plaintiff's cellular number through a skip-trace procedure.

21. On or after October 17, 2014, Plaintiff began receiving telephone calls to her cellular telephone number from FDS and/or DSNB seeking to recover an alleged credit card debt from the Plaintiff that Plaintiff did not owe.

22. On or about November 2014, Plaintiff answered a call from Defendants and explained that she "doesn't owe any money," "you have the wrong phone number," and that she feels harassed by all of the calls and demanded that Defendants stop calling her aforementioned cellular telephone number.

23. Defendants called Plaintiff at least 30 times in August 2015 using an automatic telephone dialing system (ATDS).

24. On or about November of 2015, during a phone conversation with Defendants agent/representative, Plaintiff expressly revoked any express consent Defendants may have mistakenly believed they had to call Plaintiff's cellular telephone number using an ATDS or a pre-recorded or artificial voice.

25. Plaintiff repeatedly requested Defendants stop calling her cell phone, however the Defendants continued to make call her.

26. Defendants knew (407) 470-2257 was assigned to cellular telephone service when Defendants placed calls to that telephone number.

27. Defendants made multiple calls to the Plaintiff within the past four years using an ATDS, which has the capacity to store or produce telephone numbers to be called, without human intervention, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C §227(a)(1).

28. Defendants stipulated in another lawsuit that the telephone system used to make calls in the preceding four years was an ATDS.

29. Defendants made at least one call to Plaintiff using an automated or "prerecorded voice," as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

30. Each call the Defendants made to the Plaintiff's cell phone was done without the "prior express consent" of Plaintiff.

31. Defendants made multiple calls to Plaintiff using an automated or prerecorded voice.

32. Defendants have recorded at least one conversation with the Plaintiff.

33. Defendants have made approximately fifty (50) calls to Plaintiff's aforementioned cellular telephone number from on or about November of 2014 until today, which will be established exactly once Defendants turn over their dialer records.

34. Despite actual knowledge of their wrongdoing, Defendants continued the campaign of abusive robocalls.

35. Defendants have has been sued in federal court where the allegations include: calling an individual using an ATDS after the individual asked for the calls to stop.

36. Defendants have has been sued in federal court where the allegations include: calling an individual using an automated or prerecorded voice after the individual asked for the calls to stop.

37. By effectuating these unlawful phone calls, Defendants have caused Plaintiff the very harm that Congress sought to prevent—namely, a "nuisance and invasion of privacy."

38. Defendants' aggravating and annoying phone calls trespassed upon and interfered with Plaintiff's rights and interests in her cellular telephone and cellular telephone line, by intruding upon Plaintiff's seclusion.

39. Defendants' phone calls harmed Plaintiff by wasting her time.

40. Moreover, "wireless customers [like Plaintiff] are charged for incoming calls whether they pay in advance or after the minutes are used." *In re: Rules Implementing the TCPA of 1991*, 23 FCC Rcd 559, 562 (2007). Defendants' phone calls harmed Plaintiff by depleting the battery life on her cellular telephone, and by using minutes allocated to Plaintiff by her cellular telephone service provider.

41. Defendants' corporate policy and procedures are structured as to continue to call individuals like the Plaintiff, despite these individuals revoking any consent the Defendants may have mistakenly believed it had.

42. Defendants' corporate policy and procedures provided no means for the Plaintiff to have her aforementioned cellular number removed from the call list.

43. Defendants have a corporate policy of using an ATDS or a prerecorded or artificial voice message to collect debts from individuals such as Plaintiff for its financial benefit.

44. Defendants have numerous other federal lawsuits pending against them alleging similar violations as stated in this complaint.

45. None of Defendants' telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

46. Defendants violated the TCPA with respect to the Plaintiff.

47. Defendants willfully or knowingly violated the TCPA with respect to the Plaintiff.

## COUNT I

### (Violation of the TCPA)

48. Plaintiff incorporates Paragraphs one (1) through forty-seven (47).

49. Defendants willfully violated the TCPA with respect to the Plaintiff each time they called the Plaintiff after she revoked her consent to being called by them using an ATDS or pre-recorded voice.

50. Defendants knowingly violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff revoked her consent to being called by them using an ATDS or pre-recorded voice.

51. Defendants repeatedly placed non-emergency telephone calls to the wireless telephone number of Plaintiff and the other members of the class using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

52. As a result of Defendants' illegal conduct, Plaintiff and the members of the class suffered actual damages and, under § 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500.00 in damages for each such violation of the TCPA.

53. Plaintiff and class members are also entitled to, and do, seek injunctive relief prohibiting Defendants' violations of the TCPA in the future.

## **CLASS ALLEGATIONS**

54. Plaintiff restates each of the allegations in all other paragraphs as if fully stated herein.

55. Plaintiff, individually and on behalf of all others similarly situated, brings the above claims on behalf of a Class.

56. In this case, Plaintiff seeks to certify classes and sub-classes, subject to amendment, as follows:

57. The TCPA Class consists of:

> (1) All persons in the United States (2) to whose cellular telephone number (3) FDS placed a non-emergency telephone call on behalf of DSNB (4) using substantially the same system(s) that were used to telephone Plaintiff (5) within 4 years of the complaint and (6) where Defendants did not obtain the cellular telephone number from the consumer who was called.

And the DSNB Sub-Class:

> (1) All persons in the United States (2) to whose cellular telephone number (3) DSNB placed a non-emergency telephone call (4) using substantially the same system(s) that were used to telephone Plaintiff (5) within 4 years

of the complaint and (6) where Defendants did not obtain the cellular telephone number from the consumer who was called.

And the Revocation Sub-Class:

(1) All persons in the United States (2) to whose cellular telephone number (3) DSNB and/or FDS placed a non-emergency telephone call (4) using substantially the same system(s) that were used to telephone Plaintiff (5) within 4 years of the complaint and (6) after that person had instructed Defendants to cease calls to that number.

And the Skip-Trace Sub-Class:

(1) All persons in the United States (2) to whose cellular telephone number (3) DSNB and/or FDS placed a non-emergency telephone call (4) wherein the cellular telephone number was obtained through skip-tracing (5) using substantially the same system(s) that were used to telephone Plaintiff (6) within 4 years of the complaint.

58.  Excluded from the TCPA Class and Sub-Classes are any calls that had already been released as part of a prior release or judgment.

59.  Defendants have caused the Class actual harm, not only because the Class was subjected to the aggravation that necessarily accompanies these calls, but also because said members frequently have to pay their cell phone service providers for the receipt of such calls.

60.  These calls are also an intrusion upon seclusion, trespassed on their telephones, diminish cellular battery life, and waste of Plaintiff's and each class member's time.

61.  Plaintiff represents and is a member of the Class. Excluded from the Class are Defendants and any entities in which Defendants have a controlling interest, Defendants' agents and employees, the Judge to whom this action is assigned, and any member of the Judge's staff and immediate family, and claims for personal injury, wrongful death and/or emotional distress.

62.  Plaintiff is presently unaware of the exact number of members in the Class, but based upon the size and national scope of Defendants' businesses, Plaintiff reasonably believes

that the class members' number at a minimum is in the thousands based on the use of software to make the calls and Defendants' track record of failing to comply with the TCPA.

63. Plaintiff and all members of the Class have been harmed by Defendants' actions.

64. This Class Action Complaint seeks money damages and injunctive relief.

65. The joinder of all class members is impracticable due to the size and relatively modest value of each individual claim.

66. The disposition of the claims in a class action will provide substantial benefit to both the parties and the Court in avoiding multiplicity of identical suits. The class can be easily identified through records maintained by Defendants.

67. There are questions of law and fact common to the members of the Class, which common questions predominate over any questions that affect only individual class members. Those common questions of law and fact include, but are not limited to:

    a. Whether Defendants engaged in a pattern of using an ATDS to place calls to cellular telephones;

    b. Whether Defendants engaged in a pattern of using prerecorded messages when placing calls to cellular telephones;

    b. Whether Defendants' conduct was knowing or willful; and

    c. Whether Defendants' actions violated the TCPA.

68. Plaintiff will fairly and adequately represent and protect the interests of the Class, and Plaintiff does not have an interest that is antagonistic to any member of the Class.

69. As a person who received the telephone calls using an ATDS or an artificial or prerecorded voice, without their prior express consent, all within the meaning of the TCPA, Plaintiff asserts claims that are typical of the members of the Class.

70. Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes such as the TCPA.

71. A class action is the superior method for the fair and efficient adjudication of this controversy.

72. Class-wide relief is essential to compel Defendants to comply with the TCPA. The interest of class members in individually controlling the prosecution of separate claims against Defendants is small because the statutory damages in an individual action for violation of the TCPA is small.

73. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the class members, by definition, did not provide the prior express consent required under the statute to authorize calls to their cellular telephones.

74. Defendants have acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the class as a whole appropriate.

75. Moreover, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

**WHEREFORE**, Plaintiff requests that the Court enter judgment in her favor and favor of the Class, and against Defendants, jointly and severally, for:

    a. A declaration that Defendants' practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227;

    b. An injunction requiring Defendants not to call any third-parties or numbers that were skip traced to ensure that Plaintiff is not called now or when Plaintiff obtains additional telephone numbers in the future;

c. An injunction requiring Defendants not to call any third-parties or numbers that were listed as references by Defendants' customers;

d. An injunction requiring Defendants to file quarterly reports of third party audits with the Court on its system and procedures not to call any third-parties or numbers that were skip traced to ensure that Plaintiff is not called in the future;

e. An injunction requiring Defendants not to call any third-parties or numbers that were skip traced to ensure that class members are not called if they obtain additional telephone numbers in the future;

f. An injunction requiring Defendants to file quarterly reports of third party audits with the Court on its system and procedures not to call any third-parties or numbers that were skip traced to ensure that class members are not called in the future;

g. An award of actual damages in an amount to be proven at trial;

h. An award of statutory damages for Plaintiff and each Class member in the amount of $500.00 for each and every call that violated the TCPA;

i. An award of treble damages, as provided by statute, of up to $1,500.00 for Plaintiff and each Class member for each and every call that violated the TCPA;

j. An order certifying this action to be a proper class action pursuant to the Federal Rules of Civil Procedure 23, establishing the appropriate Classes and any Sub-classes the Court deems appropriate, finding that Plaintiff is a proper representative of the Classes, and appointing the lawyers and law firms representing Plaintiff as counsel for the Classes;

k. Attorney's fees, litigation expenses and costs of suit; and

l. Such further and other relief the Court deems reasonable and just.

m. Plaintiff, individually and on behalf of all others similarly situated, demands trial by jury.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on March 13, 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, who will send a notice of electronic filing to all counsel of record.

        Respectfully submitted,

        s/ *William "Billy" Peerce Howard*
        William "Billy" Peerce Howard
        Florida Bar No. 0103330
        Amanda J. Allen
        Florida Bar No. 098288
        THE CONSUMER PROTECTION FIRM
        4030 Henderson Boulevard
        Tampa, FL 33629
        Telephone: (813) 500-1500
        Facsimile: (813) 435-2369
        Billy@TheConsumerProtectionFirm.com
        Amanda@TheConsumerProtectionFirm.com

        Keith J. Keogh (FBN 126335)
        Amy L. Wells, *pro hac vice*
        KEOGH LAW, LTD
        55 West Monroe Street, Suite 3390
        Chicago, Illinois 60603
        312-726-1092
        312-726-1093 (fax)
        Keith@KeoghLaw.com
        AWells@KeoghLaw.com

        *Attorneys for Plaintiff DEBORAH CLARK*