UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DEBORAH CLARK,

    Plaintiff,

v.                                                Case No:   6:17-cv-692-Orl-41TBS

FDS BANK and DEPARTMENT STORES
NATIONAL BANK,

    Defendants.

## ORDER

This putative class action comes before the Court without a hearing on Defendants' Motion to Seal Deposition Transcript of Rhonda Mercer (Doc. 133). Plaintiff Deborah Clark does not oppose the motion (Doc. 134).

Defendants have deposed Plaintiff's daughter, Rhonda Mercer (Doc. 53, ¶ 19; Doc. 133). Now, they wish to file the transcript of that deposition under seal, in support of their motion to dismiss this case for lack of prosecution (Doc. 133 at 2). As grounds, Defendants represent that the transcript contains information concerning Plaintiff's current medical condition and related medical events which may be protected by the Health Insurance Portability and Accountability Act of 1996 and other state and federal laws (Id.). This medical information is relevant to Defendants' motion to dismiss in which they argue that Plaintiff's poor health precludes her from appearing for her deposition and from serving as class representative in this action (Doc. 131).

As the Court previously observed in this case, "[t]he filing of documents under seal is disfavored by the Court." Graphic Packaging Int'l, Inc. v. C.W. Zumbiel Co., No. 3:10-cv-891-J-JBT, 2010 WL 6790538, at *1 (M.D. Fla. Oct. 28, 2010). While the parties to a lawsuit "have protectable privacy interests in confidential information disclosed through

discovery," once the information becomes a judicial record or public document, the public has a common-law right to inspect and copy the information. In re Alexander Grant & Co. Litig., 820 F.2d 352, 355 (11th Cir. 1987). "Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case." Brown v. Advantage Eng'g, Inc., 960 F.2d 1013, (11th Cir. 1992). "[I]t is the rights of the public, an absent third party, which are preserved by prohibiting closure of public records, unless unusual circumstances exist." Wilson v. Am. Motors Corp., 759 F.2d 1568, 1570 (11th Cir. 1985). "The filing of documents under seal is disfavored by the Court." Graphic Packaging Int'l, Inc. v. C.W. Zumbiel Co., No. 3:10-cv-891-J-JBT, 2010 WL 6790538, at *1 (M.D. Fla. Oct. 28, 2010).

"The judge is the primary representative of the public interest in the judicial process and is duty-bound therefore to review any request to seal the record (or part of it). He may not rubber stamp a stipulation to seal the record." Estate of Martin Luther King, Jr., Inc. v. CBS, Inc., 184 F. Supp. 2d 1353, 1363 (N.D. Ga. Feb. 15, 2002) (quoting Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co., 178 F.3d 943, 945 (7th Cir. 1999)). "The right to inspect and copy is not absolute, however, and a judge's exercise of discretion in deciding whether to release judicial records should be informed by a sensitive appreciation of the circumstances that led to the production of the particular document in question." Chemence Med. Prods., Inc. v. Medline Indus., No. 1:13-CV-500-TWT, 2015 WL 149984, at *1 (N.D. Ga. Jan. 12, 2015).

The public's right of access may be overcome by a showing of "good cause" sufficient for the granting of a protective order pursuant to FED. R. CIV. P. 26(c) ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense …"). "'Good cause' is a well established legal phrase. Although difficult to define in absolute terms, it generally

signifies a sound basis or legitimate need to take judicial action." In re Alexander Grant, 820 F.2d at 356.

The Eleventh Circuit has "superimposed a somewhat more demanding balancing of interests approach to the" good cause requirement in Rule 26(c). Farnsworth v. Procter & Gamble Co., 758 F.2d 1545, 1547 (11th Cir. 1985). This means that before making its decision, the court has a duty to balance the public's right of access against the party's interest in confidentiality. "In balancing the public interest in accessing court documents against a party's interest in keeping the information confidential, courts consider, among other facts, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." Romero, 480 F.3d at 1246 (citation omitted).

This Court's Local Rules provide:

> (a) Unless filing under seal is authorized by statute, rule, or order, a party seeking to file under seal any paper or other matter in any civil case shall file and serve a motion, the title of which includes the words "Motion to Seal" and which includes:
>
> (i) an identification and description of each item proposed for sealing;
>
> (ii) the reason that filing each item is necessary;
>
> (iii) the reason that sealing each item is necessary;
>
> (iv) the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal;
>
> (v) a statement of the proposed duration of the seal; and

> (vi) a memorandum of legal authority supporting the seal.
>
> . . . .
>
> (c) Unless otherwise ordered by the Court for good cause shown, no order sealing any item pursuant to this section shall extend beyond one year, although a seal is renewable by a motion that complies with (b) of this rule, identifies the expiration of the seal, and is filed before the expiration of the seal.

M.D. FLA. Rule 1.09. Defendants' motion complies with the Local Rule.

The law recognizes a person's privacy interest in their personal medical information. Here, Plaintiff's private health information is relevant to a potentially case dispositive motion. She is not a public official, and there is no adequate alternative to sealing the information in question. On this record, the Court finds good cause, and that Plaintiff's interest in keeping her personal health information private outweighs the public's right of access. Accordingly, the motion to seal is **GRANTED**. Defendants may file the transcript of the deposition of Rhonda Mercer **UNDER SEAL**. Because Plaintiff's interest in the privacy of her health information will not go away at the end of one year the transcript shall remain under seal until further order of this Court. When Defendants file the deposition transcript under seal, they shall simultaneously file a redacted copy on the public docket.

**DONE** and **ORDERED** in Orlando, Florida on December 11, 2018.

_[signature]_
THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record