UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DEBORAH CLARK,

    Plaintiff,

v.                                                Case No:   6:17-cv-692-Orl-41TBS

FDS BANK and DEPARTMENT STORES
NATIONAL BANK,

    Defendants.

## ORDER

This matter comes before the Court on Defendants' Motion to Seal Portions of Defendants' Response In Opposition to Plaintiff's Motion to Request Evidentiary Hearing (Doc. 155) and accompanying affidavit (Doc. 156). Defendants have filed a redacted response to Plaintiff's motion, and now seek to file an unredacted copy under seal. Defendants represent that Plaintiff has no objection to the requested relief (Doc. 155 at 4).

"The filing of documents under seal is disfavored by the Court." Graphic Packaging Int'l, Inc. v. C.W. Zumbiel Co., No. 3:10-cv-891-J-JBT, 2010 WL 6790538, at *1 (M.D. Fla. Oct. 28, 2010). While the parties to a lawsuit "have protectable privacy interests in confidential information disclosed through discovery," once the information becomes a judicial record or public document, the public has a common-law right to inspect and copy the information. In re Alexander Grant & Co. Litig., 820 F.2d 352, 355 (11th Cir. 1987). "Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case." Brown v. Advantage Eng'g, Inc., 960 F.2d 1013, 1016 (11th Cir. 1992); Patent Asset Licensing, LLC v. Wideopenwest Fin., LLC, No. 3:15-cv-

743-J-32MCR, 2016 WL 2991058, at *1 (M.D. Fla. May 24, 2016). "[I]t is the rights of the public, an absent third party, which are preserved by prohibiting closure of public records, unless unusual circumstances exist." Wilson v. Am. Motors Corp., 759 F.2d 1568, 1570 (11th Cir. 1985).

"Material filed in connection with any substantive pretrial motion, unrelated to discovery, is subject to the common law right of access." Romero v. Drummond Co., Inc., 480 F.3d 1234, 1245 (11th Cir. 2007). "A substantive pretrial motion is '[a] motion that is presented to the court to invoke its powers or affect its decisions, whether or not characterized as dispositive, [and it] is subject to the public right of access." Id. at 1246 (quotation marks and citation omitted). The motion in question is not a substantive pretrial motion, rather, it is a request for an evidentiary hearing.

"The judge is the primary representative of the public interest in the judicial process and is duty-bound therefore to review any request to seal the record (or part of it). He may not rubber stamp a stipulation to seal the record." Estate of Martin Luther King, Jr., Inc. v. CBS, Inc., 184 F. Supp. 2d 1353, 1363 (N.D. Ga. Feb. 15, 2002) (quoting Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co., 178 F.3d 943, 945 (7th Cir. 1999)). "The right to inspect and copy is not absolute, however, and a judge's exercise of discretion in deciding whether to release judicial records should be informed by a sensitive appreciation of the circumstances that led to the production of the particular document in question." Chemence Med. Prods., Inc. v. Medline Indus., No. 1:13-CV-500-TWT, 2015 WL 149984, at *1 (N.D. Ga. Jan. 12, 2015).

The public's right of access may be overcome by a showing of "good cause" sufficient for the granting of a protective order pursuant to FED. R. CIV. P. 26(c) ("The court may, for good cause, issue an order to protect a party or person form annoyance,

embarrassment, oppression, or undue burden or expense …"). "'Good cause' is a well-established legal phrase. Although difficult to define in absolute terms, it generally signifies a sound basis or legitimate need to take judicial action." <u>In re Alexander Grant</u>, 820 F.2d 352, 356 (11th Cir. 1987). The Eleventh Circuit has "superimposed a somewhat more demanding balancing or interests approach to the" good cause requirement in Rule 26(c). <u>Farnsworth v. Procter & Gamble Co.</u>, 758 F.2d 1545, 1547 (11th Cir. 1985). This means that before making its decision, the court has a duty to balance the public's right of access against the party's interest in confidentiality. The Eleventh Circuit has recognized that "[a] party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." <u>Romero</u>, 480 F.3d at 1245-1246. Defendants represent that the information they seek to file under seal includes a description and discussion of their private, confidential systems and how they maintain customer account information (Doc. 155, at 2). Defendants assert that this information is both non-public and competitively sensitive (<u>Id.</u>). The Court accepts these representations and based on them, finds good cause to seal the information. Accordingly, Defendants' motion is **GRANTED**. The Clerk shall accept for filing **UNDER SEAL**, the unredacted copy of Defendants' response. The seal shall remain in place for a period of **one (1) year** from the rendition of this Order. Any party may seek an extension of the seal on motion filed before the seal expires.

**DONE** and **ORDERED** in Orlando, Florida on April 16, 2019.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record

- 3 -