# APPENDIX 1

## CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement" or "Settlement Agreement"), dated as of June 1, 2020, is made and entered into by and among the following Parties: Deborah Clark ("Class Representative," as defined below), individually and on behalf of the Settlement Class (defined below); and (ii) FDS Bank and Department Stores National Bank ("Defendants"), by and through their duly authorized representatives. The Parties (defined below) intend this Agreement to fully and forever resolve and settle the Released Claims (defined below) in accord with the terms contained herein and subject to final court-ordered approval.

## RECITALS

A.      On September 9, 2016, Class Representative filed this matter as a single-plaintiff suit pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA"), Case No. 6:16-cv-01582-CEM-DAB ("Clark I Action"). Class Representative filed an Amended Class Action Complaint on November 18, 2016. (Clark I Action, Doc. No. 17.)

B.      Class Representative moved to voluntarily dismiss the Clark I Action on March 27, 2017, as granted by this Court on March 28, 2017.  (Clark I Action, Doc. Nos. 30 and 31.)

C.      Class Representative refiled her Class Action Complaint as the instant matter on April 17, 2017, similarly alleging claims for violation of the TCPA, Case No. 6:17-cv-00692-WWB-EJK. ("the Action.")

D.      Defendants deny all material allegations of the Complaint. Defendants specifically deny that they are liable in any way to the Class Representative, and deny that the Settlement Class Members are entitled to any relief from Defendants.  Nevertheless, given the risks, uncertainties, burden, and expense of continued litigation, Defendants have agreed to settle the Action on the terms set forth in this Agreement, subject to Court approval.

1

E.      This Agreement is the result of good faith, arm's-length settlement negotiations, including a full-day mediation session with mediator Rodney Max.  Class Counsel (defined below) conducted a thorough examination and evaluation of the relevant law and facts to assess the merits of the claims to be resolved in this settlement and how best to serve the interests of the putative class in the Action.  Based on this investigation and the negotiations described herein, Class Counsel have concluded, taking into account the sharply contested issues involved, the risks, uncertainty and cost of further prosecution of the Action, and the substantial benefits to be received by the Settlement Class pursuant to this Agreement, that a settlement with Defendants on the terms set forth in this Agreement is fair, reasonable, adequate and in the best interests of the putative class.

F.      The Parties understand, acknowledge, and agree that the execution of this Agreement constitutes the settlement and compromise of disputed claims.  This Agreement, and any act performed or document executed pursuant to or in furtherance of the Settlement, is inadmissible as evidence against any of the Parties except to enforce the terms of the Agreement and is not an admission of wrongdoing or liability on the part of any of the Parties to this Agreement, nor is or may be deemed to be a waiver of Defendants' right to seek to enforce any arbitration provision in other cases or against persons in the Settlement Class who opt out of the Settlement.  It is the Parties' desire and intention to effect a full, complete, and final settlement and resolution of all existing disputes and claims as set forth herein.

G.      The settlement contemplated by this Agreement is subject to preliminary and final approval by the Court, as set forth herein.  This Agreement is intended by the Parties to fully, finally, and forever resolve, discharge, and settle all claims and causes of action asserted, or that could have been asserted, against Defendants and the Released Parties (as defined in Paragraph 1

2

below) in the Action, by and on behalf of the Class Representative and Settlement Class Members, and any other such actions by and on behalf of any other consumers and putative classes of consumers originating, or that may originate, in jurisdictions in the United States.

H.    The Parties stipulate and agree that the claims of Plaintiff and the entire Class (defined below) should be and are hereby compromised and settled, subject to the Court's approval, upon the following terms and conditions:

## AGREEMENT

**1.    DEFINITIONS**

1.1    "**Action**" means *Deborah Clark v. FDS Bank and Department Stores National Bank*, 6:17-cv-00692-WWB-EJK (M.D. Fla.).

1.2    "**Agreement**" shall refer to the full terms of and all documents incorporated by reference in this Class Action Settlement Agreement and Release.

1.3    **"Alternative Judgment"** means an order and final judgment in a form other than the Final Judgment.

1.4    "**Approved Claim Form"** means a Claim Form that (i) is submitted by the Claims Deadline, (ii) is in accordance with the directions on the Claim Form and the provisions of the Agreement, (iii) is fully and truthfully completed by a Settlement Class Member with all of the information requested on the Claim Form, including a statement that his or her settlement claim is true and correct, to the best of his or her knowledge and belief, and is being made under penalty of perjury, and (iv) is approved by the Settlement Administrator pursuant to the terms of the Agreement.

3

1.5    "**Cash Award Payments**" means a one-time check payment of an amount to be determined as set forth in Paragraph 2.2 for an Approved Claim submitted by a Settlement Class Member.

1.6    **"Claims Deadline"** means the date by which all Claim Forms must electronically submitted or postmarked to be considered timely, and shall be set no later than sixty (60) days after the Notice Date.

1.7    "**Claim Form**" means a document substantially in the form attached hereto as Exhibit A and as approved by the Court. The Claim Form shall be made available electronically and shall be eligible for submission in electronic form as described below.

1.8    **"Class Counsel"** means Billy Howard, of the The Consumer Protection Firm, and Keith J. Keogh of Keogh Law, LTD.

1.9    **"Class Representative"** means Deborah Clark.

1.10   **"Court"** means the United States District Court for the Middle District of Florida and, as the context requires, either the Honorable Wendy W. Berger, the Honorable Embry J. Kidd, or both.

1.11   **"Defendants"** mean, collectively, FDS Bank and Department Stores National Bank.

1.12   **"Defendant's Counsel"** means Frank A. Zacherl and Ryan C. Reinert of Shutts & Bowen LLP, and Betty Tierney of the Macy's Law Department.

1.13   **"DSNB"** means Defendant Department Stores National Bank.

1.14   "**Effective Date**" means the date ten (10) days after which all of the events and conditions specific in Paragraph 7.1 have been met and have occurred.

1.15   **"Fee Award"** means the amount of attorneys' fees and reimbursement of expenses and costs awarded by the Court to Class Counsel, which will be paid out of the Settlement Fund.

1.16   **"Final"** means one (1) business day following the latest in time of the following events: (i) the date upon which the time expires for filing or noticing any appeal of the Court's Final Judgment; (ii) if there is an appeal or appeals, other than an appeal or appeals solely with respect to the Fee Award, the date of completion, in a manner that finally affirms and leaves in place the Final Judgment without any material modification, of all proceedings arising out of the appeal or appeals (including, but not limited to, the expiration of all deadlines for motions for reconsideration or petitions for review and/or *certiorari*, all proceedings ordered on remand, and all proceedings arising out of any subsequent appeal or appeals following decisions on remand); or (iii) the date of final dismissal of any appeal or the final dismissal of any proceeding on *certiorari*.

1.17   **"Final Approval Hearing"** means the hearing before the Court where the Parties will request the Final Judgment to be entered by the Court approving the Agreement, and Class Counsel will request approval of the Fee Award and Incentive Award.

1.18   **"Final Judgment"** means the final judgment and order to be entered by the Court approving the Agreement after the Final Approval Hearing.

1.19   **"Incentive Award"** means the amount awarded to Deborah Clark by the Court and paid out of the Settlement Fund, in addition to any Cash Award Payment, in recognition of her efforts on behalf of the Settlement Class.

1.20   **"Notice"** means notice of this Agreement and the Final Approval Hearing related to this Agreement. Notice shall be sent to the Settlement Class Members as described herein and in the form of Exhibit B attached hereto.

1.21   **"Notice Date"** means the date by which the Notice set forth in Paragraph 4 is complete, which shall be no later than ninety (90) days after the identification of putative class members in accordance with Paragraph 3.1.1.

1.22   **"Opt-Out/Objections Deadline"** means the date by which an opt out request or objection to the Agreement must be made, which shall be no later than sixty (60) days after the Notice Date or such other date as ordered by the Court.

1.23   **"Named Plaintiff"** means Deborah Clark.

1.24   **"Parties"** means (i) Plaintiff, Deborah Clark, on behalf of herself and the Settlement Class and (ii) Defendants, FDS Bank and DSNB.

1.25   **"Plaintiffs"** means Deborah Clark and the Settlement Class Members.

1.26   **"Preliminary Approval"** means the Court's preliminary approval of the Agreement, and preliminary approval of the form and dissemination of Notice.

1.27   **"Preliminary Approval Order"** means the order preliminarily approving the Agreement, and preliminarily approving the form and dissemination of Notice.

1.28   **"Released Claims"** means any and all rights, duties, obligations, claims, actions, causes of action or liabilities, whether arising under local, state or federal law, whether by Constitution, statute, contract, rule, regulation, any regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), common law or equity, whether known or unknown (including "Unknown Claims"), suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory, that have been, could have been, or in the future might be asserted that arise out of, relate to, or are otherwise in connection the actual or alleged use by Released Parties and/or their agents and/or affiliates, of an artificial or prerecorded voice and/or of any automatic

6

telephone dialing system (to the fullest extent that those terms are used, defined or interpreted by the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq., relevant regulatory or administrative promulgations and case law) to make collection calls to collect on Macy's-branded and/or Bloomingdale's-branded credit card accounts, including, but not limited to, claims under or for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq., and any other state or federal statutory or common law claim arising from the use of automatic telephone dialing systems and/or an artificial or prerecorded voice which have accrued at any point from the beginning of time through the date of Preliminary Approval of the Agreement.

1.29   "**Released Parties**" means FDS Bank, DSNB, Macy's, Inc., and Citibank, N.A., and all of their respective past, present, or future heirs, executors, estates, administrators, predecessors, successors, assigns, parent companies, subsidiaries, licensors, licensees, associates, affiliates, employers, employees, agents, consultants, independent contractors, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns and companies, firms, trusts, and corporations.

1.30   "**Releasing Parties**" means Plaintiff, Settlement Class Members who do not timely opt out of the Settlement Class, and all of their respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parent companies, subsidiaries, associates, affiliates, employers, employees, agents, consultants, independent contractors, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns and companies, firms, trusts, and corporations.

1.31   "**Settlement Administration Expenses**" means the fees and expenses charged by the Settlement Administrator to provide Notice, receive, process and review claims, respond to inquiries, and provide related services in connection with this Agreement. The Settlement Administration Expenses shall be paid from the Settlement Fund.

1.32   "**Settlement Administrator**" means any reputable administration company that has been suggested by the Parties and appointed by the Court.

1.33   "**Settlement Class**" means, for settlement purposes only:

> All persons in the United States whose cellular telephone number, at any time on or after July 22, 2015, through January 31, 2020, Defendants (or either of their agents or affiliates) placed a call for debt collection purposes (estimated to be 247,000 persons) in connection with a Macy's and/or Bloomindale's credit card account using an artificial or prerecorded voice and/or using substantially the same systems that were used to call Plaintiff's cellular telephone number, where the phone number called belonged to the owner or customary user of that cellphone who did not provide the number to Defendants and/or is not a person who had consented to receiving calls at that cellular telephone number.

Excluded from the Settlement Class are (i) any Judge or Magistrate presiding over the Action and members of their staffs or immediate family members, (ii) Defendants and their officers and directors; and (iii) all Settlement Class Members who timely and validly request exclusion from the Settlement Class.

1.34   "**Settlement Class Members**" means a person who falls within the definition of the Settlement Class.

8

1.35  "**Settlement Costs**" means the following amounts: (i) any Fee Award to Class Counsel approved by the Court; (ii) any Incentive Award to Class Representative approved by the Court; (iii) all costs of printing and providing Notice to persons in the Settlement Class, including, but not limited to, costs for sending notice and for the Settlement Website; (iv) all Settlement Administration Expenses, including, but not limited to, all costs of skip tracing for all returned mail, the cost of printing and mailing Cash Award Payments (including the cost of printing and mailing Cash Award Payments following the redistribution of any amounts that remain from uncashed checks, as set forth in Paragraph 2.7), Claim Forms and opt-out requests, the cost of maintaining a designated post office box for receiving Claim Forms and the costs of processing opt-out requests; and (v) the fees, expenses and all other costs of the Settlement Administrator.

1.36  "**Settlement Fund**" means ONE MILLION, FIVE HUNDRED THOUSAND DOLLARS and NO/100 ($1,500,000.00), the total payment amount that FDS Bank will pay on behalf of the Defendants to settle this case. Within 14 days after Preliminary Approval, FDS Bank will endeavor to deliver the estimated notice cost to the Class administrator.  Within 30 days of the Effective Date, FDS Bank shall deliver the balance of the Settlement Fund amount to the Settlement Administrator. In no event shall Defendants' total monetary obligation with respect to the Agreement exceed ONE MILLION, FIVE HUNDRED THOUSAND DOLLARS and NO/100 ($1,500,000.00).

1.37  "**Settlement Website**" means the website created and maintained by the Settlement Administrator in connection with this Agreement for the purpose of notifying Settlement Class Members of this Agreement and accepting claims related to this Agreement.

1.38   "**Unknown Claims**" means any of the Released Claims that any Settlement Class Member, including Class Representative, does not know or suspect to exist in his/her favor at the time of the release of the Released Parties that, if known by him or her, might have affected his or her settlement with, and release of, the Released Parties, or might have affected his or her decision not to object to and/or to participate in this Settlement Agreement.  With respect to any and all Released Claims, the Parties stipulate and agree that upon the Effective Date, Class Representative expressly shall have, and each of the other Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, waived the provisions, rights, and benefits conferred by California Civil Code § 1542 to the extent applicable, and also any and all provisions, rights, and benefits conferred by any law of any state, province, or territory of the United States (including, without limitation, Montana Code Ann. § 28-1-1602; North Dakota Cent. Code § 9-13-02; and South Dakota Codified Laws § 20-7-11), which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Settlement Class Members, including Class Representative, and any of them, may hereafter discover facts in addition to, or different from, those that they now know or believe to be true with respect to the subject matter of the Released Claims, but Class Representative expressly shall have, and each other Settlement Class Member shall be deemed to have, and by operation of the Judgment shall have, upon the Effective Date, fully, finally, and forever settled and released any and all Released Claims, including Unknown Claims. The Parties acknowledge, and

Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver is a material element of the Settlement Agreement of which this release is a part.

**2.      AWARDS/PAYMENTS**

2.1      FDS Bank will pay on behalf of the Defendants the amount of $1,500,000.00 (the Settlement Fund") to settle the Action and obtain a release of all Released Claims in favor of Defendants and the Released Parties.  The Settlement Fund shall be used to pay amounts to be paid to Settlement Class Members who submitted Approved Claim Forms as provided for in this Agreement.  The Settlement Fund shall be paid to the Settlement Administrator thirty (30) business days after the Effective Date and shall be maintained in an interest-bearing account at a deposit institution mutually agreed to be the Parties. The Settlement Fund, including any interest, shall be reduced by the Settlement Costs prior to making any Cash Award Payments to Settlement Class Members. Defendants shall not, under any circumstances, be obligated to pay any amounts in addition to the Settlement Fund in connection with this Settlement. In the event that this Settlement is not approved, or is terminated, canceled or fails to become effective for any reason, the remaining Settlement Fund (including accrued interest), less any incurred expenses, shall be refunded to FDS Bank.

2.2      All Settlement Class Members who submit an Approved Claim Form using the Claim Form, which is attached as Exhibit A to this Settlement Agreement, are eligible to receive:

Proof of call: Each claimant who provides proof that a call connected with the corresponding phone number will receive payment of FIFTY and NO/100 DOLLARS ($50.00) per claimant.  Proof of call includes any call records, screen shots or a statement under penalty of perjury including the cellular telephone

11

number that was called and stating that they were not the customer that Macys was attempting to reach.

a.   No Proof of call: Each claimant who does not provide proof that a call connected with the corresponding phone number will receive payment of SEVEN and NO/100 DOLLARS ($7.00) per claimant.

2.3   In order to be eligible for recovery under this paragraph a claimant must: (a) complete and submit a written Claim Form to the Settlement Administrator, postmarked (or, if submitted electronically in accordance with the requirements for electronic submission of a Claim Form, the date of such submission) on or before the Claims Deadline and (b) verify the form with a statement that his or her settlement claim is true and correct, to the best of his or her knowledge and belief, and is being made under penalty of perjury.

2.4   Claims Process. The Settlement Administrator, in its sole discretion to be reasonably exercised, will determine whether: (1) the claimant is a Settlement Class Member; and (2) the claimant has provided all information required to complete the Claim Form by the Claims Deadline.

2.5   If the total amount of Approved Claims submitted under ¶¶ 2.2-2.4 is less than the amount of the Settlement Fund (after deducting all Settlement Costs per ¶ 2.1), the Settlement Administrator shall make a pro rata increase to the amount of each Approved Claim, not to exceed $1,500.00 per Approved Claim, such that the total amount of Approved Claims plus the Settlement Costs does not exceed the Settlement Fund (i.e., $1,500,000.00).

2.6   If the total amount of Approved Claims submitted under ¶¶ 2.2-2.4 exceeds the amount of the Settlement Fund (after deducting all Settlement Costs per ¶ 2.1), then each Approved Claim shall be reduced on a pro rata basis such that the total aggregate amount of

12

Approved Claims plus the Settlement Costs does not exceed $1,500,000.00. In no event shall Defendants be required to pay more than $1,500,000.00 into the Settlement Fund.

2.7    Redistribution Of Uncashed Award Payments. The amounts of any checks that remain uncashed more than 90 days after the date on the check will be redistributed on a pro rata basis to the eligible Settlement Class Members who cashed their first check, if, after administration, eligible Settlement Class Members would receive at least $3 (the "Redistribution"). The Claims Administration shall make a subsequent redistribution to the extent any Cash Award Payments remain uncashed 90 days after the date on the check mailed in connection with the Redistribution. To the extent eligible Settlement Class Members would receive less than $3 with respect to any Redistribution, the remaining amounts shall be distributed as part of the Cy Pres Distribution pursuant to Paragraph 2.8; no remaining funds shall revert to Defendants or otherwise be paid to Defendants.

2.8    Cy Pres Distribution. If there is any money remaining in the Settlement Fund after payment of the Settlement Costs, Cash Award Payments and any Redistributions, such monies will be distributed to a non-profit charitable organization agreed upon by the Parties (the "Cy Pres Distribution"). The Cy Pres Distribution shall be made 240 days after completion of the distribution of Cash Award Payments or, if necessary, after all Redistributions have been exhausted, whichever is later. If, for any reason, the Parties and/or the Court determine that the proposed recipient(s) are not or are no longer appropriate recipients, the Parties shall agree on replacement recipient(s) of such monies, subject to Court approval.

2.9    All Settlement Administration Expenses shall be paid to the Settlement Administrator from the Settlement Fund.

2.10   Aggregate Limit. The aggregate amount of the Cash Award Payment, Incentive Award, Expense Award, Settlement Costs, and Fee Award shall be capped at, and shall not exceed, $1,500,000.00. In no event shall Defendant' liability or obligation under the Settlement Agreement exceed the Aggregate Limit of $1,500,000.00, inclusive of the Costs of Settlement Administration.

2.11   The obligations incurred pursuant to this Agreement shall be a full and final disposition of the Action and any and all Released Claims, as against all Released Parties.

2.12   Upon the Effective Date, each Settlement Class Member, including Class Representative, shall be deemed to have, and by operation of the Judgment shall have, completely, fully, finally, irrevocably, and forever released, relinquished, and discharged all Released Claims as against all Released Parties.  Further, upon the Effective Date, and to the fullest extent permitted by law, each Settlement Class Member, including Class Representative, shall, either directly, indirectly, representatively, as a member of or on behalf of the general public or in any capacity, be permanently barred and enjoined from commencing, prosecuting, or participating in any recovery in any action in this or any other forum in which any of the Released Claims are asserted.

2.13   Each of the releases in this Paragraph may be pleaded as a full and complete defense to any action, suit or other proceeding that may be instituted or prosecuted (or has been instituted or prosecuted) with respect to any of the Released Claims.  The Parties fully agree that this Agreement may be pleaded as necessary for the purpose of enforcing this Agreement in any court of competent jurisdiction.

**3.      TO THE CLASS, OPTING OUT AND OBJECTIONS**

3.1  The Parties shall work together to prepare a list of Class Members to receive class Notice. The Notice shall be distributed to the Settlement Class Members as follows:

3.1.1   Within four (4) months <u>after</u> the Preliminary Approval Order is entered, Defendants will make reasonable efforts (with costs not to exceed an amount of $50,000.00 to be applied to the Settlement Administration Expenses) to obtain the third-party data necessary to identify the putative class members. This period of time is necessary due to the inherent difficulties in obtaining the third-party data and the added difficulties brought by the COVID-19 pandemic that is affecting the Defendants and the third-party owners of the third-party data. Within fifteen (15) days of obtaining the third-party data, Defendants will provide the list of putative class members to Class Counsel. Defendants reserve the right to seek an extension of time if they are unable to obtain the third-party data within four (4) months after the Preliminary Approval Order and all other deadlines dependent on the identification of class members will be adjusted accordingly. The Settlement Agreement is contingent on the commercially reasonable ability of Defendant's expert to identify class members with sufficient precision to provide constitutionally compliant notice.

3.1.2   Within thirty (30) business days after the identification of putative class members in accordance with Paragraph 3.1.1, the Settlement Administrator will obtain the addresses that correspond with the identified phone numbers via skip-tracing or reverse lookup.

3.1.3   Publication. If the Settlement Administrator determines Publication Notice is needed based on the results to identify class members, the Settlement Administrator shall contract for the publication of Notice in using a method agreed upon by the Parties after consultation with the Settlement Administrator. The Publication Notice will be published within the time period that the Notice by U.S. mail is being sent.

3.1.4   Within forty-five (45) business days after the identification of putative class members in accordance with Paragraph 3.1.1, the Settlement Administrator shall send Notice via direct mail in the form attached as Exhibit B to all Settlement Class Members identified in Paragraph 3.1.1.

3.1.5   No later than fifty (50) days after the identification of putative class members in accordance with Paragraph 3.1.1, Notice shall be provided on the Settlement Website. The Notice provided on the Settlement Website shall be in the form attached as Exhibit C. The Settlement Website shall allow Settlement Class Members to submit a Claim Form and shall provide Settlement Class Members access to settlement-related documents.

3.1.6   Pursuant to 28 U.S.C. § 1715, Defendants will be responsible for timely compliance with all CAFA notice requirements.

3.2   Notice shall advise the Settlement Class Members of their right to opt out of or object to the Agreement and the process by which Settlement Class Members can opt out of or object to the Agreement.

3.3   The process by which Settlement Class Members can opt-out and the effect of opting-out:

3.3.1   Any Settlement Class Member who intends to opt out of the Agreement may do so by sending an individual written request postmarked on or before the Opt-Out/Objection Deadline, and as specified by the Notice. "Mass" and "class" opt-outs shall not be allowed. The written opt out notice must clearly manifest a person's intent to be excluded from the Settlement Class, be sent via first class postage pre-paid United States mail, and satisfy all of the requirements set forth below:

16

3.3.2    The written request must be sent to the Settlement Administrator at the address designated in the Notice.

3.3.3    The written request must provide the name and address of the person opting-out of the Agreement, his or her cell phone number, the name and number of the Action (*i.e. Deborah Clark v. FDS Bank and Department Stores National Bank*, Case No. 6:17-cv-00692-WWB-EJK), the words "Request for Exclusion" or a clear statement that he or she wants to be excluded from the Settlement Class for purposes of the Agreement, and his or her signature.

3.3.4    Class Counsel will not, under any circumstances, opt out on behalf of any Settlement Class Member.

3.3.5    If a written opt out request does not include the information required herein, or if the request is not sent in the time provided for herein, the person serving such a request shall be a member of the Settlement Class and shall be bound by this Agreement.

3.3.6    Any Settlement Class Member who validly opts out of the Agreement shall not (1) be bound by the Agreement, (2) be bound by any orders of the Court, (3) gain any rights or obligations under the Agreement, or (4) be entitled to object to the Agreement.

3.4    Any Settlement Class Member that does not opt out of the Agreement in accordance with the terms described herein, will be bound by all of the terms of the Agreement, including the Release provided by the Agreement, and such persons will be barred from bringing any action against any of the Released Parties concerning the Released Claims.

3.5    The Settlement Administrator shall, upon receipt, promptly provide the Parties with copies of all completed opt-out notifications, and a final list of all who have timely and

validly excluded themselves from the Settlement Class, which Class Counsel or Defendants may move to file under seal with the Court no later than 10 days prior to the final approval hearing.

      3.6    The process by which Settlement Class Members can object to the Agreement and the effect of objecting:

      3.6.1   Any Settlement Class Member who intends to object to the Agreement must do so in writing.

      3.6.2   The objection shall be considered by the Court at the Final Approval Hearing so long as the person making the objection files his or her notice of objection and all supporting papers in the Action's electronic docket via CM/ECF no later than the Opt-Out/Objection Deadline, or if not electronically filed, sent via first class, postage-prepaid United States mail, postmarked no later the Opt-Out/Objection Deadline to: (1) the Clerk of Court, United States District Court, Middle District of Florida – Orlando Division, George C. Young Federal Annex Courthouse, 401 West Central Boulevard, Orlando, Florida 32801; and (2) Class Counsel and Defendant's Counsel at the addresses set forth in Paragraph 8.17.

      3.6.3   The notice of objection and supporting papers must be signed by the objector (and, if represented, by their counsel) and must include: (1) the objector's name and address; (2) the name and number of the Action (*i.e. Deborah Clark v. FDS Bank and Department Stores National Bank*, Case No. 6:17-cv-00692-WWB-EJK); (3) an explanation of the basis upon which the objector claims to be a Settlement Class Member, including his or her cell phone number; (4) all grounds for objection, including citation to all legal authority and factual evidence supporting objection; (5) name and contact information of any and all attorneys representing, advising, or assisting the objector in any way with respect to the objector's objection to the Agreement; (6) whether the objector intends to appear at the Final Approval

Hearing, either personally or through representation and if through representation, the name and contact information of any and all attorneys who will appear on the objector's behalf at the Final Approval Hearing; the identity of all counsel representing the objector who will appear at the final approval hearing; (7) a list of all persons who will be called to testify at the final approval hearing in support of the objection. The writing also must include a statement identifying each case, by full case caption, where an objector or the attorney representing the objector, has objected to any class settlement and asked for or received any payment in exchange for dismissal of the objection, or any related appeal, without modification to the class settlement.

3.7    Any Settlement Class Member who fails to substantially comply with the requirements for objecting shall waive and forfeit any and all rights he or she may have to appear separately and/or to object to the Settlement Agreement, and shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders and judgments in the Action. The exclusive means for any challenge to the Settlement Agreement shall be through the provisions of Paragraph 3.6. Without limiting the foregoing, any challenge to the Settlement Agreement, the final order approving this Settlement Agreement, or the Judgment to be entered upon final approval shall be pursuant to appeal under the Federal Rules of Appellate Procedure and not through a collateral attack.

4.    **SETTLEMENT ADMINISTRATION**

4.1    The Settlement Administrator shall provide Notice to the Settlement Class Members as described in Paragraph 4, and create and administer the Settlement Website.

4.2    The Settlement Administrator shall receive and review Claim Forms submitted electronically. The Settlement Administrator shall also receive and review opt out requests and

all other forms and requests, and promptly provide to Class Counsel and Defendant's Counsel copies of such forms and requests.

4.3    The Settlement Administrator shall provide weekly reports to Class Counsel and Defendants' Counsel regarding the number of Claim Forms received and the number of Approved Claim Forms.

4.4    The Settlement Administrator shall keep reasonably detailed records of its activities associated with the Agreement and shall maintain all such records as required by applicable law and in accordance with reasonable business practices. Such records shall be available to Class Counsel and Defendants' Counsel upon request, and shall be provided to the Court if so required.

4.5    The Settlement Administrator shall provide Class Counsel and Defendants' Counsel information concerning Notice and administration of the Settlement Agreement.

4.6    The Settlement Administrator shall determine whether any Claim Form submitted is an Approved Claim Form and shall reject any Claim Form that fails to (i) comply with the instructions on the Claim Form or terms of the Agreement, or (ii) provide full and complete information as requested on the Claim Form. The Settlement Administrator may contact any Person who has submitted a Claim Form to obtain additional information necessary to verify the Claim Form.

4.7    Class Counsel and Defendants' Counsel shall have the right to challenge any acceptance or denial of a Claim Form. The Settlement Administrator shall follow any agreed decisions of Class Counsel and Defendants' Counsel as to the validity of any disputed Claim Form. In the event that Class Counsel and Defendants' Counsel cannot agree regarding a

20

disputed Claim Form, the Parties may submit the issue to the Court for determination at Final Approval.

4.8     Cash Award Payments shall be made by the Settlement Administrator from the Settlement Fund, and with the express approval of Class Counsel and Defendants' counsel. Payment shall be made by check and shall be mailed and postmarked within 60 days after the Effective Date, or within 30 days after the Settlement Administrator has received all claims and made a final determination as to the amount to be paid for all Approved Claims, whichever is latest. The Settlement Administrator shall inform Class members that checks containing payments must be cashed within 90 days of issuance or else the check will be void and they will have no further right or entitlement to any payment under the terms of this settlement. Any money remaining from checks issued to claiming class members who fail to cash their check within 90 days of issuance shall awarded as *cy pres* pursuant to Paragraph 2.8. Defendants shall not incur any liability arising out of or relating to uncashed checks.

4.9     No person shall have any claim against the Settlement Administrator, Released Parties, Class Counsel, Defendants' Counsel, and/or Class Representative based on distributions of benefits to Settlement Class Members.

## 5.     CERTIFICATION OF THE SETTLEMENT CLASS AND PRELIMINARY AND FINAL APPROVAL

5.1     As soon as practicable after the execution of the Settlement Agreement, Class Counsel shall submit this Settlement Agreement to the Court and file a motion for preliminary approval of the settlement with the Court requesting entry of a Preliminary Approval Order in the form attached hereto as Exhibit D, or an order substantially similar to such form, requesting, inter alia:

5.1.1     certification of the Settlement Class for settlement purposes only;

5.1.2    preliminary approval of the Settlement Agreement and the settlement set forth herein;

5.1.3    appointment of Keith J. Keogh of Keogh Law, LTD, and William Peerce Howard of The Consumer Protection Firm, as Class Counsel;

5.1.4    appointment of Deborah Clark as the Class Representative;

5.1.5    approval of the Notice Program;

5.1.6    approval of the Notice form substantially similar to the one attached hereto as Exhibit B, which shall include a fair summary of the Parties' respective litigation positions, the general terms of the settlement set forth in the Settlement Agreement, instructions for how to object to or opt-out of the settlement, the process and instructions for making Settlement Claims to the extent contemplated herein, and the date, time and place of the final approval hearing;

5.1.7    appointment of the Settlement Administrator;

5.1.8    approval of a Claim Form substantially similar to that attached hereto as Exhibit A; and

5.1.9    stay the Action pending Final Approval of the Settlement.

5.2    To the extent not already in place, all proceedings in the Action shall be stayed following entry of the Preliminary Approval Order, except as may be necessary to implement the Settlement or comply with the terms of the Settlement. Pending determination of whether the Settlement should be granted final approval, the Parties agree not to pursue any claims or defenses otherwise available to them, and further agree that the Preliminary Approval Order shall include an injunction that no person who has not opted out of the Settlement Class and no person acting or purporting to act directly or on behalf of a Settlement Class Member, or acting on a

22

representative basis or in any other capacity, will commence or prosecute against any of the Released Parties any action or proceeding asserting any of the Released Claims. The Settlement will be conditioned upon the entry of such an injunction in both the Preliminary Approval Order and the Final Approval Order.

5.3     After Notice is disseminated, the Parties shall request from the Court entry of Final Judgment in the form of the Final Approval Order and Judgment of Classwide Settlement, attached hereto as Exhibit E, which will, among other things:

5.3.1   find the Court has personal jurisdiction over all Settlement Class Members and the Court has subject matter jurisdiction to approve the Agreement and all incorporated documents;

5.3.2   approve the Agreement and the settlement terms proposed therein as fair, reasonable, adequate and in the best interests of the Settlement Class Members;

5.3.3   finally certify the Settlement Class for settlement purposes only;

5.3.4   direct the Parties to implement the Agreement according to its terms;

5.3.5   declare the Agreement binding on Plaintiffs and the Releasing Parties;

5.3.6   find Notice implemented under the Agreement is the best practicable notice under the circumstances and meets all applicable requirements of the Federal Rules of Civil Procedure, the rules of the Court, and the Constitution of the United States;

5.3.7   find Class Representative and Class Counsel adequately represented the Settlement Class;

5.3.8   dismiss the Action on the merits and with prejudice;

5.3.9   bar and enjoin any Settlement Class Members who did not exclude themselves from the Settlement Class by submitting a valid and timely opt out notice in

accordance with the requirements of the Settlement Agreement from asserting any of the Released Claims;

      5.3.10  incorporate the Release contained herein, make the Release effective as of the Effective Date, and release and forever discharge the Released Parties as set forth herein;

      5.3.11  retain  jurisdiction  as  to  all  matters  relating  to  administration, consummation, enforcement and interpretation of the Agreement and Final Judgment; and

      5.3.12  incorporate any other provisions the Court deems necessary and just.

5.4    Within 48 hours of Final Approval of this settlement, Defendants shall file a stipulation of dismissal of their Third-Party Complaint against third-party defendant, Ronda Mercer.

## 6.    ATTORNEY'S FEES AND INCENTIVE AWARD

6.1    Class Counsel shall petition the Court for a Fee Award, which shall include all attorneys' fees and reimbursement of costs and expenses associated with the Action.

6.2    Class Counsel shall be paid the Fee Award by the Settlement Administrator from the Settlement Fund no later than fourteen (14) days after FDS Bank delivers the Settlement Fund amount to the Settlement Administrator (*see* ¶ 2.1). The Fee Award shall be paid via wire transfer to an account designated by Class Counsel.

6.3    Class Counsel shall request that the Court award the Class Representative from the Settlement Fund an Incentive Award.

6.4    The Incentive Award shall be paid by the Settlement Administrator from the Settlement Fund no later than fourteen (14) days after FDS Bank delivers the Settlement Fund amount to the Settlement Administrator (*see* ¶ 2.1).

6.5    The finality or effectiveness of the Settlement Agreement shall not depend upon the Court awarding any particular amount of attorneys' fees, costs, expenses, or incentive awards. No order of the Court, or modification or reversal or appeal of any order of the Court, concerning the amount(s) of any attorneys' fees, costs and expenses, and/or incentive awards ordered by the Court to Class Counsel or Class Representative shall affect whether the Judgment is final or constitute grounds for cancellation or termination of this Settlement Agreement.

## 7.    CONDITIONS OF SETTLEMENT, EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION

7.1    The Effective Date of the Agreement is ten (10) days following the date on which the last of the following events occur in time:

7.1.1    The Parties, Class Counsel and Defendant's Counsel execute the Agreement;

7.1.2    The Court grants Plaintiff's Motion to Certify the Settlement Class;

7.1.3    The Court enters the Preliminary Approval Order;

7.1.4    The Court enters Final Judgment in the form of the Final Approval Order and Judgment of Classwide Settlement attached as Exhibit E, following the Notice to the Settlement Class Members and the Final Approval Hearing; and

7.1.5    The Final Judgment has become Final, or in the event the Court enters an Alternative Judgment to which the Parties consent, the Alternative Judgment becomes Final, and (i) no appeal is taken after the Judgment's entry and no motion or other pleading has been filed with the Court (or with any other court) seeking to set aside, enjoin, or in any way alter the Judgment or to toll the time for appeal of the Judgment; or (ii) all appeals, reconsideration, rehearing, or other forms of review and potential review of the Judgment are exhausted, and the

Judgment is upheld without any material modification of the terms of this Agreement of the Judgment.

7.2    If some or all of the conditions specified above are not met, then this Agreement shall be canceled and terminated unless Class Counsel and Defendant's Counsel mutually agree in writing to proceed with the Agreement.

7.3    The Parties agree, for purposes of this settlement only, to the certification of the Settlement Class. If the Settlement Agreement is not approved by the Court or the Settlement Agreement is terminated and/or cancelled in accordance with its terms (including without limitation in accordance with ¶ 7.2 or ¶ 7.4), then this Agreement shall be deemed void *ab initio*, and (a) the Parties shall be restored to their respective positions in the Action as if the Agreement had never been entered into (and without prejudice to any of the Parties' respective positions on the issue of class certification or any other issue, including Defendants' previously filed Motion for Summary Judgment), and (b) the terms and provisions of the Settlement Agreement and statements made in connection with seeking approval of the Settlement Agreement shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated, *nunc pro tunc*. The Parties' agreement to the certification of the Settlement Class is also without prejudice to any position asserted by the Parties in any other proceeding, case, or action, as to which all of their rights are specifically preserved.

7.4    The Settlement Agreement may be terminated and/or cancelled by any of the Parties if (i) the Court rejects, materially modifies, materially amends or changes, or declines to preliminarily approve or finally approve the Settlement Agreement; (ii) an appellate court

reverses the final approval order and/or Judgment, and the Settlement Agreement is not reinstated and finally approved without material change by the Court on remand; or (iii) the Court or any reviewing appellate court incorporates material terms or provisions into, or deletes or strikes material terms or provisions from, or materially modifies, amends, or changes, the proposed Preliminary Approval Order, Preliminary Approval Order, the proposed Judgment, the Judgment, or the Settlement Agreement. Any change by the Court to the schedule for identification of class members set forth in Paragraph 3.1.1 is deemed material for the purposes of this paragraph.

7.5     Defendants shall have the sole discretion to terminate the Settlement Agreement if more than 5% of Settlement Class Members submit valid requests to opt out.

7.6     Either Party shall have the right, but not the obligation, to set aside or rescind this Agreement, if (a) any objection to the settlement is sustained by the Court, regardless of any right to appeal and reverse the trial court's ruling; or (b) there are any modifications to this Agreement made by the Court, by any other court, or by any tribunal, agency, entity, or person that are not approved or requested by all of the Parties.

**8.     MISCELLANEOUS PROVISIONS**

8.1     The headings used herein are used only for convenience and are not meant to have legal effect.

8.2     The waiver by one Party of any breach of the Agreement by another Party shall not be deemed as waiver of any prior or subsequent breaches of the Agreement.

8.3     All of the Exhibits to the Agreement are material and integral parts of the Agreement and are fully incorporated by reference.

27

8.4    This Agreement contains the full, complete, and integrated statement of each and every term and provision agreed to by and among the Parties, and supersedes all prior negotiations, agreements, arrangements or undertakings regarding the subject matter of the Agreement. No representations, warranties or inducements have been made to any Party concerning the Agreement other than the representations, warranties and covenants contained and memorialized herein. The Agreement may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors supported by acknowledged written consideration.

8.5    This Agreement shall be binding upon and inure to the benefit or detriment of the Parties and the Settlement Class Members who do not opt out, and to their respective parent corporations, divisions, subsidiaries, heirs, executors, assigns, and successors in interest and any of its or their agents, employees, representatives, trustees, officers, directors, shareholders.

8.6    Except as otherwise provided herein, each Party shall bear its own costs.

8.7    The Parties each further represent, warrant, and agree that, in executing this Agreement, they do so with full knowledge of any and all rights that they may have with respect to the claims released in this Agreement and that they have received independent legal counsel from their attorneys with regard to the facts involved and the controversy herein compromised and with regard to their rights arising out of such facts. Each of the individuals executing this Agreement warrants that he or she has the authority to enter into this Agreement and to legally bind the party for which he or she is signing.

8.8    Each of the Recitals stated above are hereby incorporated into this Settlement Agreement as if stated fully herein.

*Deborah Clark v. FDS Bank and Department Stores National Bank*          6:17-cv-00692-WWB-EJK

8.9    The Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of original executed counterparts shall be filed with the Court if the Court so requests.

8.10    Severability. In the event any one or more of the provisions contained in this Agreement shall for any reason be held invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other provisions if the Parties and their counsel mutually elect by written stipulation to be filed with the Court within twenty (20) days to proceed as if such invalid, illegal, or unenforceable provisions had never been included in this Agreement.

8.11    The Court shall retain jurisdiction with respect to the implementation and enforcement of the Agreement and its terms, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Agreement and its terms.

8.12    The Parties have relied upon the advice and representation of their counsel concerning their respective legal liability for the claims hereby released. The Parties have read and understand fully the above.

8.13    The Agreement is deemed to have been prepared by counsel for all Parties, as a result of arm's-length negotiations amount the respective Parties. Because all Parties have contributed substantially and materially to the preparation of the Agreement, it shall not be construed more strictly against one Party than another.

8.14    The contractual terms of this Agreement shall be interpreted in accordance with the substantive law of the State of Florida, without regard to its conflict of laws and/or choice of law provisions.

8.15   FDS Bank and DSNB have agreed to the terms of this Agreement to end all controversy with Plaintiff and the Settlement Class and to avoid the burden and expense of litigation, without in any way acknowledging fault or liability. FDS Bank and DSNB have denied and continue to deny all charges of liability or wrongdoing as to FDS Bank and DSNB or any of the Released Parties. As a result, this Agreement may not be construed, in whole or in part, as an admission of fault or liability to any person by FDS Bank or DSNB or by any of the Released Parties, nor shall this Agreement or any part thereof be offered or received in evidence in any action or proceeding as an admission of liability or wrongdoing of any kind by FDS Bank or DSNB or any of the Released Parties.

8.16   Unless the parties agree otherwise in writing, Class Counsel and/or Class Representative agree not to issue press releases or initiate any public statements regarding the Settlement, with the exception of the Notices. No party shall make any statements of any kind to any third party regarding the Settlement prior to filing a motion for preliminary approval with the Court, with the exception of the Claims Administrator. The Parties may make public statements to the Court as necessary to obtain Preliminary or Final Approval of the Settlement and Class Counsel will not be prohibited from communicating with any person in the Settlement Class regarding the Action or the Settlement. In all communications, all Parties must comply with all confidentiality agreements in the Action and not disclose information that is not a part of the public record. All Parties shall refrain from disparaging any of the other parties or counsel publicly or taking any public action designed or reasonably foreseeable to cause harm to the public perception of any of the Released Parties or counsel regarding any issue related in any way to the Action or the Settlement.

8.17   Where the Agreement requires notice to the Parties such notice shall be sent as follows:

> Keith J. Keogh
> Keogh Law, LTD.
> 55 W. Monroe St., Ste. 3390
> Chicago, IL 60603
>
> William "Billy" Peerce Howard
> The Consumer Protection Firm, PLLC
> 4030 Henderson Boulevard
> Tampa, FL 33629
>
> Amanda J. Allen
> The Consumer Protection Firm, PLLC
> 4030 Henderson Boulevard
> Tampa, FL 33629
>
> Frank A. Zacherl
> Shutts & Bowen LLP
> 200 South Biscayne Boulevard
> Suite 4100
> Miami, FL 33131
>
> Ryan C. Reinert
> Shutts & Bowen LLP
> 4301 W. Boy Scout Blvd., Suite 300
> Tampa, FL 33607

8.18   As used herein, "he" means "he, she, or it;" "his" means "his, hers, or its," and "him" means "him, her, or it.''

8.19   All dollar amounts are in United States dollars.

8.20   Cashing a settlement check is a condition precedent to any Settlement Class Member's right to receive settlement benefits. All settlement checks shall be void 90 days after issuance. If the checks shall be void, the Settlement Class Member will have failed to meet a condition precedent to recovery of settlement benefits, the Settlement Class Member's right to receive monetary relief shall be extinguished, and Defendants shall have no obligation to make

payments to the Settlement Class Member pursuant to this Settlement Agreement or provide any other type of monetary relief. If a re-issued check becomes void, the Settlement Class Member will have failed to meet a condition precedent to recovery of settlement benefits, the Settlement Class Member's right to receive monetary relief shall be extinguished, and Defendants shall have no obligation to make payments to the Settlement Class Member pursuant to this Settlement Agreement or provide any other type of monetary relief.

The undersigned, being duly authorized, have caused this Agreement to be executed on the dates shown below.

**Deborah Clark**

By: ___ _D ce_____
        Deborah Clark (Jun 1, 2020 20:16 EDT)
        Deborah Clark

Date: __Jun 1, 2020_____

**FDS Bank**

By: _____

Date: _____

**Counsel for Deborah Clark:**

By: __William Peerce Howard__
        William Peerce Howard (Jun 1, 2020 21:14 EDT)

Date: __Jun 1, 2020_____

**Department Stores National Bank**

By: _____

Date: _____

32

APPENDIX - TIMELINE

**FILING MOTION SEEKING PRELIMINARY APPROVAL OF CLASS SETTLEMENT**
(as soon as practical after the settlement agreement is signed)

**IDENTIFICATION OF PUTATIVE CLASS MEMBERS (PER ¶ 3.1.1)**

+15 DAYS: Defendants will provide the list of putative class members to Class Counsel

+45 DAYS: Notices sent out

+50 DAYS: Notices posted to the Settlement Website

+105 DAYS: Last day for Opting Out of the Settlement Class and for filing OBJECTIONS (The date is 60 days from the beginning of the Notice Program)

+105 DAYS: LAST DAY FOR FILING A CLAIM FORM (The date is 60 days from the beginning of the Notice Program.

**FINAL APPROVAL HEARING / JUDGMENT** (set by the Court)

-10 DAYS: Must file under seal with the Court a list of the Opt Outs 10 days *before* the final approval hearing.

**EFFECTIVE DATE** (¶ 7.1. This is 10 days following the date that the Judgment becomes final—either 30 days after entry of judgment (if no appeal) or after all appeals have been exhausted.)

+30 DAYS: Defendants to pay Settlement Fund to Settlement Administrator

+44 DAYS: Settlement Administrator to wire Fee Award to Class Counsel;

+44 DAYS: Settlement Administrator to pay Incentive Award to Class Representative;

+60 DAYS: Claims Administrator sends out checks to the Settlement Class (or within 30 days after the Settlement Administrator has received all claims and made a final determination as to the amount to be paid for all Approved Claims, whichever is latest)

# EXHIBIT A

*Clark v FDS Bank and Department Stores National Bank*, **United States District Court for the Middle District of Florida, Orlando Division Case No. 6:17-cv-00692-WWB-EJK**

_____, **Claims Administrator**

**PO Box [              ]**
**[              ]**

**<<mail id>>**
**<<Name1>>**
**<<Name2>>**
**<<Address1>>**
**<<Address2>>**
**<<City>><<State>><<Zip>>**

**Toll-Free Number: x-xxx-xxx-xxxx**
**Website: www._____.com**

## CLAIM FORM

**TO RECEIVE BENEFITS FROM THIS SETTLEMENT, YOU MUST PROVIDE
<u>ALL</u> OF THE STEPS BELOW AND YOU <u>MUST</u> SIGN THIS CLAIM FORM.  IF THIS CLAIM FORM IS SUBMITTED ONLINE, YOU <u>MUST</u> SUBMIT AN ELECTRONIC SIGNATURE.**

**YOUR CLAIM FORM MUST BE <u>SUBMITTED ON OR BEFORE</u>                          , 2020.**

*<u>If You Complete **the first FOUR** Steps You May be Eligible to Receive an Amount Not to Exceed $7.00.</u>* ***<u>If You Also Complete Step 5 You May be Eligible to Receive an Amount Not to Exceed $50.00.</u>***

1. **<u>You Must Provide Your Contact Information:</u>**

   Name of person signing form: _____

   Company (if applicable): _____

   Street Address: _____

   City/State/Zip Code: _____

   Telephone Number: _____

   [List all telephone numbers owned by you at which you received collection calls from July 22, 2015, through January 31, 2020]

2. **<u>You Must Verify Ownership of the telephone Number(s) Listed in #1 above:</u>**

   **Any person who knowingly presents a fraudulent claim containing any false or misleading information may be guilty of fraud.**

   **SIGN ONE OF THE FOLLOWING LINES**:

   "I or my company was the subscriber for the telephone number(s) identified above or attached to this claim form throughout the entire period from July 22, 2015, through January 31, 2020."

   I make this statement under penalty of perjury.

   _____
   (Sign your name here)

"I or my company was NOT the subscriber for the telephone number(s) identified above or attached to this claim form throughout the entire period from July 22, 2015, through January 31, 2020."  If you choose this option, explain on the lines provided **when** during July 22, 2015, through January 31, 2020, you claim to have had the telephone number(s).

_____

_____

I make these statements under penalty of perjury.

_____

(Sign your name here)


**3.**    **If You Are Submitting This Form On Behalf of Your Company, You Must Verify That You Are Authorized to Do So. If You Are NOT Submitting This Form on Behalf of a Company, Proceed to Step 4.**

"I am authorized to submit this form on behalf of the company listed above."

_____

(Sign your name here)

**4.**    **You Must Return this Claim Form by [60 days]             , 2020:**

(a)    Fax this Claim Form to:  <u>&lt;fax number for claims &gt;</u>

***OR***

(b)    Mail this Claim Form to:  [CLAIMS ADMINISTRATOR]

***OR***

(c)    Submit via internet at:  <website>

**5.**    **Attach Proof of Call (Optional):**

If you have any proof that a collection call that was placed on behalf of the Defendants connected to any of the telephone numbers identified in response to #1, you should attach copies of those documents to this form. If you do not attach any proof, your recovery under the Settlement will be limited to $7.

Proof of call includes any call records, screen shots or a statement under penalty of perjury including the cellular telephone number that was called and stating that you were not the customer that Macy's was attempting to reach.

**QUESTIONS? VISIT www._____.com OR CALL [_____] or Class Counsel at 866.726.1092.**

# EXHIBIT B

# NOTICE OF CLASS ACTION LAWSUIT AND PROPOSED SETTLEMENT

THE COURT AUTHORIZED THIS NOTICE. THIS IS NOT A SOLICITATION FROM A LAWYER.

***Clark v FDS Bank and Department Stores National Bank,*** **U.S District Court for the Middle District of Florida, Orlando Division Case No. 6:17-cv-00692-WWB-EJK**

YOU MAY BE ENTITLED TO RECEIVE MONETARY COMPENSATION.

| | |
|---|---|
| **What is this?** | This is notice of a Proposed Settlement in a class action lawsuit. |
| **What is this lawsuit about?** | The Settlement would resolve a lawsuit brought on behalf of a putative class of individuals, alleging FDS Bank and Department Stores National Bank ("FDS" and "Department Stores" violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") by making calls relating to Macy's to cell phones without the prior express consent of Plaintiff or the putative class members. FDS and Department Stores deny these allegations and any wrongdoing. The Court has not ruled on the merits of Plaintiff's claims or Defendants' defenses. |
| **Why am I getting this notice?** | You were identified as someone who may have received one of these calls based on Defendants' records. |
| **What does the Settlement provide?** | A total of $1,500,000 will be funded into a Settlement Fund, which will pay for the cost of notice and administration of the settlement, Settlement Class members' claims, attorneys' fees and costs incurred by counsel for Plaintiff and the Settlement Class ("Class Counsel"), and a service award for Plaintiff. Class Counsel estimates that a Settlement Class member who submits a valid and |

-1-

| | timely claim form ("Claim Form") may receive a cash award of between $XXX to $XXX. Plaintiff will petition for a service award not to exceed $X,000 for Plaintiff's work in representing the Class and Class Counsel's fees up to one third of the settlement fund, not to exceed $_____, plus reasonable expenses. |
|---|---|
| **How can I receive a payment from the Settlement?** | To receive payment, you must complete and submit a valid Claim Form by **Xxxxxx XX, 20**20. You can obtain and submit a Claim Form online at www._____.com. You can also make a claim by phone or obtain a mail-in Claim Form by calling [INSERT HOTLINE]. Mail-in Claim Forms must be sent to the Settlement Administrator at the address below. |
| **Do I have to be included in the Settlement?** | If you do not want monetary compensation from this Settlement and you want to keep the right to sue, or continue to sue Defendants or Macy's, Inc., and Citibank, N.A. on your own, then you must exclude yourself from the Settlement by sending a letter to the address below requesting exclusion to the Settlement Administrator by **Xxxxxx XX, 20**20. The letter must contain the specific information set forth on the Settlement Website "Opt-Out Process." |
| **If I don't like something about the Settlement, how do I tell the Court?** | If you do not exclude yourself from the Settlement, you can object to any part of the Settlement. You must file your written objection with the Court by **Xxxxxx XX, 2020**, and mail a copy to Class Counsel and the Defendants. Your written objection must contain the specific information set forth on the Settlement Website. |

| What if I do nothing? | If you do nothing, you will not be eligible for a payment. But you will still be a Settlement Class member and bound by the Settlement, and you will release Defendants from liability. |
|---|---|
| How do I get more information about the Settlement? | This notice contains limited information about the Settlement. For more information, to view additional Settlement documents, and to review information regarding your opt-out and objection rights and the final approval hearing, visit www._____.com. You can also obtain additional information, a long form notice or Claim Form by calling [INSERT NUMBER]. |

[INSERT CLAIMS ADMIN ADDRESS]

[CLAIM ID IN DIGITS]
[CLAIM ID IN 2D BARCODE]
Postal Service: Please Do Not Mark or Cover Barcode

[FIRST1] [LAST1]
[BUSINESSNAME]
[ADDR1] [ADDR2]
[CITY] [ST] [ZIP]
MIADOCS 20215928 1

# EXHIBIT C

***Clark v FDS Bank and Department Stores National Bank***
**U.S District Court for the Middle District of Florida, Orlando Division Case
No. 6:17-cv-00692-WWB-EJK**

> **If you received calls on your cell phone regarding a Macy's and/or Bloomingdale's credit card, you may be entitled to benefits under a class action settlement.**
>
> *A federal court authorized this Notice. This is not a solicitation from a lawyer.*

- **A proposed settlement will provide a total of $1,500,000 (the "Settlement Fund") to fully settle and release claims of the following individuals:**

  **All persons in the United States whose cellular telephone number, at any time on or after July 22, 2015, through January 31, 2020, Defendants (or either of their agents or affiliates) placed a call for debt collection purposes (estimated to be 247,000 persons) in connection with a Macy's and/or Bloomindale's credit card account using an artificial or prerecorded voice and/or using substantially the same systems that were used to call Plaintiff's cellular telephone number, where the phone number called belonged to the owner or customary user of that cellphone who did not provide the number to Defendants and/or is not a person who had consented to receiving calls at that cellular telephone number.**

- **The Settlement would resolve a lawsuit brought on behalf of a putative class of individuals, alleging FDS Bank and Department Stores National Bank ("FDS" and "Department Stores" violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") by making calls relating to Macy's to cell phones without the prior express consent of Plaintiff or the putative class members.**

- **FDS and Department Stores deny these allegations and any wrongdoing. The Court has not ruled on the merits of Plaintiff's claims or Defendants' defenses.**

- **The Settlement Fund shall be used to pay all amounts related to the settlement, including awards to Settlement Class members who submit a valid and timely claim form to receive payment ("Claim Form"), attorneys' fees and costs to attorneys representing Plaintiff and the Settlement Class ("Class Counsel"), any service award for Plaintiff and the costs of notice and administration of the settlement. Class Counsel estimate that Settlement Class members who timely submit a valid Claim Form will receive between $XXX and $XXX ("Initial Settlement Award Checks"), depending on the number of valid claims received. Any monies remaining in the Settlement Fund after the Initial Settlement Award Checks are distributed and the expiration date has passed will be distributed on a *pro rata* basis to those Settlement Class Members who cashed their Initial Settlement Award Checks (the "Subsequent Distribution"). The Subsequent Distribution shall be made within ninety (90) days after the expiration date of the Initial Settlement Award Checks.**

- **Your rights and options, and the deadlines to exercise them, are explained in this Notice. Your legal rights are affected whether you act or do not act. Read this Notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| SUBMIT A CLAIM FORM | If you submit a valid Claim Form postmarked by Xxxx XX, 2020, you will receive a payment and will give up any rights you may have to sue FDS and Department Stores and any other released parties related to a released claim. Claim Forms may be submitted by mail to _____ or through the settlement website by clicking [here] or by calling XYZ-XXXXX. |
| EXCLUDE YOURSELF OR "OPT-OUT" OF THE SETTLEMENT | If you ask to be excluded, you will not receive a payment. This is the only option that allows you to pursue your own claims, if any, against FDS or Department Stores or other released parties related to a released claim. The deadline for excluding yourself is Xxxx XX, 2020. |
| OBJECT TO THE SETTLEMENT | If you wish to object to the settlement, you must write to the Court about why you believe the settlement is unfair in any respect. The deadline for objecting is Xxxx XX, 2020. To obtain a benefit from this settlement, you must still submit a Claim Form. If you submit only an objection without a Claim Form, you will not receive any benefit from the settlement and you will give up any rights you may have to sue FDS or Department Stores or any other released parties related to a released claim. |
| DO NOTHING | If you do nothing, you will not receive any monetary award and you will give up any rights you may have to sue FDS or Department Stores or any other released parties related to a released claim. |
| GO TO THE FINAL APPROVAL HEARING | You may attend the Final Approval Hearing. At the Final Approval Hearing you may ask to speak in Court about the fairness of the settlement. To speak at the Final Approval Hearing, you must file a document which includes your name, address, telephone number and your signature with the Court, which must also state your intention to appear at the Final Approval Hearing. This must be filed no later than Xxxx XX, 2020. |

- These rights and options—and the deadlines to exercise them—are explained in this Notice.

- The Court in charge of this case still has to decide whether to approve the settlement. Payments (*i.e.*, Settlement Award Checks) will be disbursed if the Court approves the settlement and after any appeals are resolved. Please be patient.

## BASIC INFORMATION

**1.  What is the purpose of this Notice?**

The purpose of this Notice is to inform you that a proposed Settlement has been reached in the putative class action lawsuit entitled *Clark v FDS Bank and Department Stores National Bank,* filed in the U.S District Court for the Middle District of Florida, Orlando Division Case No. 6:17-cv-00692-WWB-EJK. Because your rights will be affected by this Settlement, it is extremely important that you read this Notice carefully. This Notice summarizes the settlement and your rights under it.

**2.  What does it mean if I received an email or postcard about this settlement?**

If you received an email or postcard describing this settlement, it is because FDS and Department Stores records indicate that you may be a member of the Settlement Class. You are a class member if your cellular telephone numbers have been identified fitting the below Settlement Class:

> **All persons in the United States whose cellular telephone number, at any time on or after July 22, 2015, through January 31, 2020, Defendants (or either of their agents or affiliates) placed a call for debt collection purposes (estimated to be 247,000 persons) in connection with a Macy's and/or Bloomindale's credit card account using an artificial or prerecorded voice and/or using substantially the same systems that were used to call Plaintiff's cellular telephone number, where the phone number called belonged to the owner or customary user of that cellphone who did not provide the number to Defendants and/or is not a person who had consented to receiving calls at that cellular telephone number.**

> Excluded from the Settlement Class are the Judge to whom the Action is assigned, and any member of the Court's staff and immediate family, and all persons who are validly excluded from the Settlement Class.

**3.  What is this class action lawsuit about?**

In a class action, one or more people called Class Representatives (here, Plaintiff, Deborah Clark) sue on behalf of people who allegedly have similar claims. This group is called a class and the persons included are called class members. One court resolves the issues for all of the class members, except for those who exclude themselves from the class.

Here, Plaintiff claims Defendants violated the TCPA by placing calls using an automatic telepgone dialing system to cellular telephones without prior express consent. Defendants deny these allegations and deny any claim of wrongdoing. The Court has conditionally certified a class action for settlement purposes only. The Honorable Wendy Berger is in charge of this action.

**4.  Why is there a settlement?**

The Court did not decide in favor of Plaintiff or Defendants. Instead, the parties agreed to this settlement. This way, the parties avoid the risk and cost of a trial, and the Settlement Class members will receive compensation. Plaintiff and Class Counsel think the settlement is best for all persons in the Settlement Class.

## WHO IS IN THE SETTLEMENT CLASS?

**5.  How do I know if I am a part of the settlement class?**

The Court has certified a class action for settlement purposes only. The Settlement Class is defined as:

> **All persons in the United States whose cellular telephone number, at any time on or after July 22, 2015, through January 31, 2020, Defendants (or either of their agents or affiliates) placed a call for debt collection purposes (estimated to be 247,000 persons) in connection with a Macy's and/or Bloomindale's credit card account using an artificial or prerecorded voice and/or using substantially the same systems that were used to call Plaintiff's cellular telephone number, where the phone number called belonged to the owner or customary user of that cellphone who did not provide the number to Defendants and/or is not a person who had consented to receiving calls at that cellular telephone number.**

## THE LAWYERS REPRESENTING YOU

**6.  Do I have lawyers in this case?**

The Court has appointed the law firms of Keogh Law, Ltd. and The Consumer Protection Firm as Class Counsel to represent you and the other persons in the Settlement Class. You will not be personally charged by these lawyers.

**7.  How will Class Counsel be paid?**

Class Counsel will ask the Court to approve payment of up to one third of the Settlement Fund, or $____, for attorneys' fees plus reasonable expenses. Class Counsel also will ask the Court to approve payment of $X,000 to Plaintiff for his services as Class Representative. The Court may award less than these amounts.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

**8.  What does the settlement provide?**

**Settlement Fund**. A total amount of $1,500,000 will be deposited into a fund (the "Settlement Fund"), which will cover:  (1) cash payments to Settlement Class Members who submit timely and valid Claim Forms; (2) an award of attorneys' fees and costs to Class Counsel, in an amount

equal to one third of the settlement fund, not to exceed $\_\_\_ plus expenses, as approved by the Court; (3) service award to the Plaintiff, Deborah Clark, in an amount not to exceed $X,000, as approved by the Court; (4) the costs of notice and administration of the Settlement; and (5) under certain circumstances as described below, a charitable contribution.

**Cash Payments**.  All Settlement Class Members are eligible to submit a Claim Form and receive a cash payment. To submit a Claim Form, follow the procedures described under Question 11 below.

**No Portion of the Settlement Fund Will Return to Defendants.**  Any money remaining in the Settlement Fund after paying all valid and timely claims to Settlement Class Members, attorneys' fees and costs to Class Counsel, any service award to Plaintiff, and the costs of notice and administration of  the settlement will be distributed on a *pro rata* basis to those Settlement Class Members who cashed their Initial Settlement Award Check. This subsequent distribution will be made within ninety (90) days after the expiration date of the Initial Settlement Award Check has passed.

## 9.  How much will my payment be?

Your share of the Settlement Fund will depend on the number of valid Claim Forms that Settlement Class Members submit and whether you can submit proof.

If you have any proof that a collection call that was placed on behalf of the Defendants connected to any of the telephone numbers you identified in your claim form, you are eligible for $50.

Proof of call includes any call records, screen shots or a statement under penalty of perjury including the cellular telephone number that was called and stating that you were not the customer that Macy's was attempting to reach.  If you submit the statement described herein, you do not need additional proof such as call records.

If you do not have any proof of these calls, your claim would be eligible for $7.

If the total amount of Approved Claims submitted is less than the amount  of the Settlement Fund (after deducting all Settlement Costs, the Settlement Administrator shall make a pro rata increase to the amount of each Approved Claim, not to exceed $50.00 per Approved Claim.  If the total amount of Approved Claims exceeds the amount of the Settlement Fund (after deducting all Settlement Costs), then each Approved Claim shall be reduced on a pro rata basis such that the total aggregate amount of Approved Claims plus the Settlement Costs does not exceed $1,500,000.00.

Class Counsel estimates that the amount of the cash award (while dependent upon the number of claims) may be within the range of $XXX to $XXX.  **This is an estimate only. The final cash payment amount will depend on the total number of valid and timely claims submitted by Settlement Class Members.**

**10.  What am I giving up to stay in the Settlement Class?**

Unless you exclude yourself from the settlement, you will be part of the Settlement Class and will be bound by the release of claims in the settlement. This means that if the settlement is approved, you cannot rely on any Released Claim to sue, or continue to sue, Defendnats or any other Released Parties, on your own or as part of any other lawsuit, as explained in the Settlement Agreement. It also means that all of the Court's orders will apply to you and legally bind you. Unless you exclude yourself from the settlement, you will agree to release Defendants and any other Released Parties, as defined in the Settlement Agreement, from any and all claims that arise from the calls to your cellular telephone at issue in this action.

In summary, the Release Claims mean any and all rights, duties, obligations, claims, actions, causes of action or liabilities, whether arising under local, state or federal law, whether by Constitution, statute, contract, rule, regulation, any regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), common law or equity, whether known or unknown (including "Unknown Claims"), suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory, that have been, could have been, or in the future might be asserted that arise out of, relate to, or are otherwise in connection the actual or alleged use by Released Parties and/or their agents and/or affiliates, of an artificial or prerecorded voice and/or of any automatic telephone dialing system (to the fullest extent that those terms are used, defined or interpreted by the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq., relevant regulatory or administrative promulgations and case law) to make collection calls to collect on Macy's-branded and/or Bloomingdale's-branded credit card accounts, including, but not limited to, claims under or for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq., and any other state or federal statutory or common law claim arising from the use of automatic telephone dialing systems and/or an artificial or prerecorded voice which have accrued at any point from the beginning of time through the date of Preliminary Approval of the Agreement. ("Released Claims").

If you have any questions about the Release or what it means, you can speak to Class Counsel, listed under Question 6, for free; or, at your own expense, you may talk to your own lawyer. The Release does not apply to persons in the Settlement Class who timely exclude themselves.

## HOW TO OBTAIN A PAYMENT

**11.  How can I get a payment?**

To receive a payment, you must timely submit a properly completed Claim Form. You may get a Claim Form on the Settlement Website: www..com, or by calling the Toll-Free Settlement Hotline, _____. **Read the instructions carefully, fill out the form completely and accurately, sign it and submit by the deadline.** A Claim Form may be submitted by mail to the claims administrator at: _____ Telephone Consumer Protection Act Litigation., c/o _____, or via the Settlement Website [click here]. To be deemed timely, Claim Forms must be submitted via the Settlement Website, 800- number, or postmarked prior to or on the last day of the Claim Filing Deadline, which is Xxxxx XX, 2020.

## WHEN WILL I RECEIVE MY SETTLEMENT PAYMENT?

| 12.  When would I receive a settlement payment? |
| --- |

The Court will hold a hearing on Xxxxx XX, 2020 to decide whether to approve the Settlement. If the Court approves the Settlement, after that, there may be appeals. It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. Everyone who sends in a Claim Form will be informed of the progress of the settlement through information posted on the Settlement Website at www._____.com.  Please be patient.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

| 13.  How do I get out of the settlement? |
| --- |

If you want to keep the right to sue, or continue to sue, Defendants or a Released Party, as defined in the Settlement Agreement, then you must take steps to get out of the Settlement Class. This is called excluding yourself from, or opting-out of, the Settlement Class.

To exclude yourself from the settlement, you must send an exclusion request to the claims administrator. To be valid, an exclusion request must include the name and address of the person opting-out of the Agreement, his or her cell phone number, the name and number of the Action (*i.e. Deborah Clark v. FDS Bank and Department Stores National Bank*, Case No. 6:17-cv-00692-WWB-EJK), the words "Request for Exclusion" or a clear statement that he or she wants to be excluded from the Settlement Class for purposes of the Agreement, and his or her signature. **To be valid, you must mail your exclusion request postmarked no later than Xxxxxx XX, 2020 to the claims administrator at _____Telephone Consumer Protection Act Litigation, c/o _____.**

| 14.  If I do not exclude myself, can I sue Defendants for the same thing later? |
| --- |

No. If you do not exclude yourself, you give up any right to sue (or continue to sue) Defendants or any Released Parties for the claims that this settlement resolves.

| 15.  If I exclude myself, can I get a benefit from this settlement? |
| --- |

No. If you ask to be excluded, you will not be able to submit a Claim Form for a settlement payment and you cannot object to the settlement.

## OBJECTING TO THE SETTLEMENT

| 16.  How do I tell the Court that I do not think the settlement is fair? |
| --- |

If you are in the Settlement Class, you can object to the settlement or any part of the settlement that you think the Court should reject, and the Court will consider your views. If you do not provide a written objection in the manner described below, you shall be deemed to have waived

any objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the settlement or the award of any attorneys' fees and costs and/or service award.

To object, you must mail a notice of objection and supporting papers signed by the objector (and, if represented, by their counsel) and must include: (1) the objector's name and address; (2) the name and number of the Action (i.e. Deborah Clark v. FDS Bank and Department Stores National Bank, Case No. 6:17-cv-00692-WWB-EJK); (3) an explanation of the basis upon which the objector claims to be a Settlement Class Member, including his or her cell phone number; (4) all grounds for objection, including citation to all legal authority and factual evidence supporting objection; (5) name and contact information of any and all attorneys representing, advising, or assisting the objector in any way with respect to the objector's objection to the Agreement; (6) whether the objector intends to appear at the Final Approval Hearing, either personally or through representation and if through representation, the name and contact information of any and all attorneys who will appear on the objector's behalf at the Final Approval Hearing; the identity of all counsel representing the objector who will appear at the final approval hearing; (7) a list of all persons who will be called to testify at the final approval hearing in support of the objection. The writing also must include a statement identifying each case, by full case caption, where an objector or the attorney representing the objector, has objected to any class settlement and asked for or received any payment in exchange for dismissal of the objection, or any related appeal, without modification to the class settlement..

**To be considered, you must file your objections** via CM/ECF no later than the Opt-Out/Objection Deadline, or if not electronically filed, sent via first class, postage-prepaid United States mail, postmarked no later the Opt-Out/Objection Deadline to: (1) the Clerk of Court, United States District Court, Middle District of Florida – Orlando Division, George C. Young Federal Annex Courthouse, 401 West Central Boulevard, Orlando, Florida 32801; and (2) Class Counsel and Defendant's Counsel at the addresses set forth below **no later than Xxxxxx XX, 2019.**

For Plaintiff:

Keith Keogh
Keogh Law, Ltd.
55 Monroe St., 3390
Chicago, IL 60603

William Peerce Howard
Amanda J. Allen
The Consumer Protection Firm
210 A-South MacDill Ave.
Tampa, Florida 33609

For Defendants:
Frank A. Zacherl
Shutts & Bowen LLP
200 South Biscayne Boulevard
Suite 4100
Miami, FL 33131

**Even if you timely and properly object, to obtain a benefit from this settlement, you must submit a Claim Form. If you object but fail to submit a Claim Form, you will not receive any monetary award.**

**17.  What is the difference between objecting and excluding yourself?**

Objecting is telling the Court that you do not like something about the settlement. You can object only if you stay in the Settlement Class. Excluding yourself means that you do not want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## IF YOU DO NOTHING

**18.  What happens if I do nothing at all?**

If you do nothing, you will not receive any monetary award and you will give up any rights you may have to sue Defendnats or any other Released Parties related to a Released Claim. For information relating to what rights you are giving up, see Question 10.

## THE FINAL APPROVAL HEARING

**19.  When and where will the Court decide whether to approve the settlement?**

The Court will hold a Final Approval Hearing at XX:00 a.m. on Xxxxx XX, 2020 in Room 3B, at  United States Courthouse, 401 West Central Boulevard, Orlando, Florida 32801.  At this hearing, the Court will consider whether the settlement is fair, reasonable and adequate. If there are valid objections that comply with the requirements in Question 13 above, the Court also will consider them and will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay to Class Counsel and Plaintiff.

The Final Approval Hearing may be moved to a different date or time without additional notice, so it is a good idea to check the Settlement Website for updates.

**20.  Do I have to come to the hearing?**

No. Class Counsel will appear on behalf of the Settlement Class. But, you are welcome to come, or have your own lawyer appear, at your own expense.

**21.  May I speak at the hearing?**

You may ask the Court for permission to speak at the Final Approval Hearing, but only in connection with an objection that you have timely submitted to the Court according to the procedure set forth in Question 16 above. To speak at the Final Approval Hearing, you must also file a document with the Court stating your intention to appear. For this document to be considered, it must include your name, address, telephone number and your signature. The document must be filed with the Court no later than Xxxxx, XX, 2020. You cannot speak at the hearing if you exclude yourself from the settlement.

## GETTING MORE INFORMATION

**22.  How do I get more information?**

This notice is only a summary of the proposed settlement. You can get a copy of the settlement agreement by visiting the Settlement Website, www_____.com, or you can write to the address below or call the Toll-Free Settlement Hotline, _____.  You can also call Class Counsel with any questions at 866.726.1092.

**DO NOT CALL OR WRITE TO THE COURT, THE CLERK OF THE COURT, DEFNDANTS OR DEFENDANTS' COUNSEL ABOUT THE SETTLEMENT. ALSO, TELEPHONE REPRESENTATIVES WHO ANSWER CALLS MADE TO THE TOLL-FREE NUMBER ARE NOT AUTHORIZED TO CHANGE THE TERMS OF THE SETTLEMENT OR THIS NOTICE.**

MIADOCS 20216012 1

# EXHIBIT D

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

DEBORAH CLARK, individually and on
behalf of all others similarly situated,

Case No. 6:17-cv-00692-WWB-EJK

     Plaintiff,

v.

FDS BANK and DEPARTMENT STORES
NATIONAL BANK,

     Defendants.

_____ /

FDS BANK and DEPARTMENT STORES
NATIONAL BANK,

     Third-Party Plaintiffs,

v.

RONDA MERCER,

     Third-Party Defendant.

_____ /

**[PROPOSED] ORDER  (1) CONDITIONALLY CERTIFYING A SETTLEMENT
CLASS, (2) PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT,
(3) APPROVING NOTICE PLAN AND (4) SETTING FINAL APPROVAL HEARING**

This matter came before the Court on the Parties' Joint Motion for Preliminary Approval of the proposed class action settlement (the "Settlement") of the case entitled *Clark v FDS Bank and Department Stores National Bank,* United States District Court for the Middle District of Florida, Orlando Division Case No. 6:17-cv-00692-WWB-EJK ("Action"). The Action was brought by plaintiff Deborah Clark ("Clark" or "Plaintiff"), individually and on behalf of all others similarly situated, against defendants FDS Bank and Department Stores National Bank ("FDS" and  "Department Stores" and, together with Plaintiff, the "Parties").  Based on this Court's review of the Parties' Settlement Agreement and Release ("Agreement"), Plaintiff's Motion for Preliminary Approval of Settlement, and the arguments of counsel, THE COURT HEREBY FINDS AND ORDERS AS FOLLOWS:

1.     <u>Settlement Terms</u>. Unless otherwise defined herein, all terms in this Order shall have the meanings ascribed to them in the Agreement.

2.     <u>Jurisdiction</u>. The Court has jurisdiction over the subject matter of the Action, the Parties, and all persons in the Settlement Class.

3.     <u>Scope of Settlement</u>. The Agreement resolves all claims alleged in the First Amended Class Action Complaint filed in the Middle District of Florida, Orlando Division on March 13, 2018.  *See* ECF No. 53.

4.     <u>Preliminary Approval of Proposed Agreement</u>. The Court has conducted a preliminary evaluation of the Settlement as set forth in the Agreement. Based on this preliminary evaluation, the Court finds that: (a) the Agreement is fair, reasonable and adequate, and within the range of possible approval; (b) the Agreement has been negotiated in good faith at arm's length between experienced attorneys familiar with the legal and factual issues of this case; and (c) with respect to the forms of notice of the material terms of the Settlement to persons in the

Settlement Class for their consideration (Exhibits 1, 2, and 3 to the Agreement), that notice is appropriate and warranted. Therefore, the Court grants preliminary approval of the Settlement.

5.  <u>Class Certification for Settlement Purposes Only</u>. The Court, pursuant to Rule 23 of the Federal Rules of Civil Procedure, conditionally certifies, for purposes of this Settlement only, the following Settlement Class:

> All persons in the United States whose cellular telephone number, at any time on or after July 22, 2015, through January 31, 2020, Defendants (or either of their agents or affiliates) placed a call for debt collection purposes (estimated to be 247,000 persons) in connection with a Macy's and/or Bloomindale's credit card account using an artificial or prerecorded voice and/or using substantially the same systems that were used to call Plaintiff's cellular telephone number, where the phone number called belonged to the owner or customary user of that cellphone who did not provide the number to Defendants and/or is not a person who had consented to receiving calls at that cellular telephone number.

> The following are excluded from the Settlement Class: (1) the trial judge presiding over this case; (2) (ii) Defendants and their officers and directors; and (3) all Settlement Class Members who timely and validly request exclusion from the Settlement Class.

6.  In connection with this conditional certification, the Court makes the following preliminary findings:

(a)  The Settlement Class is estimated to be 247,000 to persons, so the size of the class is so numerous that joinder of all members is impracticable;

(b)  There appear to be questions of law or fact common to the Settlement Class for purposes of determining whether the Settlement should be approved;

(c)  Plaintiff's claims appear to be typical of the claims being resolved through the Settlement;

(d)  Plaintiff appears to be capable of fairly and adequately protecting the interests of all members of the Settlement Class in connection with the Settlement;

(e)  For purposes of determining whether the Agreement is fair, reasonable and adequate, common questions of law and fact appear to predominate over questions affecting

only individual persons in the Settlement Class. Accordingly, the Settlement Class appears to be sufficiently cohesive to warrant settlement by representation; and

(f)    For purposes of the Settlement, certification of the Settlement Class appears to be superior to other available methods for the fair and efficient settlement of the claims of the Settlement Class.

7.    <u>Class Representative</u>. The Court appoints Plaintiff to act as the representative of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

8.    <u>Class Counsel</u>.   The Court appoints Keith J. Keogh, William Howard and Amanda Allen as Class Counsel pursuant to Rule 23 of the Federal Rules of Civil Procedure.

9.    <u>Final Approval Hearing</u>.  At _____ _.m. on _____, 2020, in Room 3B, United States Courthouse, 401 West Central Blvd., Orlando Florida 32801, or at such other date and time later set by Court Order, this Court will hold a Final Approval Hearing on the fairness, adequacy and reasonableness of the Agreement and to determine whether (a) final approval of the Settlement embodied by the Agreement should be granted, and (b) Class Counsel's application for attorneys' fees and expenses, and service award to Plaintiff, should be granted, and in what amount.

10.    No later than _____, 2020, Plaintiff must file papers in support of Class Counsel's application for attorneys' fees and expenses and the service award to the Plaintiff. No later than _____, 2020, which is fourteen (14) days prior to the Final Approval Hearing, papers in support of final approval of the Settlement and response to any written objections must be filed.

11.    <u>Settlement Claims Administrator</u>. _____, subject to approval by the Court, will serve as the Claims Administrator. The Claims Administrator shall be

responsible for providing the class Notice as well as services related to administration of the Settlement.

12.    Class Notice. The Class Administrator shall provide written notice via First Class Mail to Settlement Class Members for whom it has contact information. Notice shall be by way of a postcard and shall contain a claim ID and shall direct recipients to the Settlement Website. Prior to mailing the postcard notice, the Claims Administrator shall search for updated addresses via the USPS national change of address database. The Claims Administrator shall re-mail one time any Notice returned as undeliverable and shall undertake reasonable means to locate alternative addresses for the returned postcards. The Claims Administrator shall also provide notice by establishing and maintaining a publically accessible Settlement Website dedicated to the Settlement, on which will be posted the Website Notice, Claim Form, a copy of this Agreement, the Preliminary Approval Motion and Order, the operative Complaint, and any other materials the Parties agree to include.  These documents shall be available on the Settlement Website beginning five (5) days following the entry of the Preliminary Approval Order and remain until after the stale dates of any Settlement Awards. The Claims Administrator shall also post any motions for attorneys' fees, costs, or incentive awards in connection with this Agreement on the Settlement Website within five (5) days following the filing of such motion.  The Settlement Website shall also provide for online submission of Claim Forms and will also allow Settlement Class Members to update their contact information.   The Claims Administrator shall secure the URL departmentstorestcpasettlement.com for the Settlement Website, or, if unavailable, shall secure another URL mutually agreed upon by the Parties.  The Court hereby directs the Parties and the Claims Administrator to complete all aspects of the Notice Plan no later than _____,

2020, which is 105 days following the identification of putative class members ("Notice Deadline").

13.     The Claims Administrator will file with the Court by no later than _____, 2020, which is fourteen (14) days prior to the Final Approval Hearing, proof that notice was provided in accordance with the Agreement and this Order

14.     <u>Opt-Out and Objection Deadline</u>.  Persons in the Settlement Class who wish to either object to the Settlement or request exclusion from the Settlement Class must do so by _____, 2020, which is sixty (60) calendar days after the Notice Deadline. Persons in the Settlement Class may not both object and opt-out. Settlement Class Members may not submit both an Opt-Out Request and a Claim Form. If a Settlement Class Member submits both an Opt-Out Request and a Claim Form, the Claim Form will govern and the Opt-Out Request will be considered invalid unless, prior to the deadline to submit an Opt-Out, the Settlement Class Members confirms in writing their intent to withdraw the claim form in which case the Opt-Out will govern.

15.     <u>Exclusion from the Settlement Class</u>. A Settlement Class Member who wishes to exclude himself or herself from this Settlement, and from the Release pursuant to this Settlement, shall submit a written Opt-Out Request to the Claims Administrator at the address designated in the Notice no later than the Claim Filing Deadline. Opt-Out Requests   must provide the name and address of the person opting-out of the Agreement, his or her cell phone number, the name and number of the Action (*i.e. Deborah Clark v. FDS Bank and Department Stores National Bank*, Case No. 6:17-cv-00692-WWB-EJK), the words "Request for Exclusion" or a clear statement that he or she wants to be excluded from the Settlement Class for purposes of the Agreement, and his or her signature.

16.     No request for exclusion will be valid unless all of the information described above is included, but the exclusion will still be valid even if the telephone number provided does not match the class records of the number called, so long as the other identifying information provided in the Opt-Out Request matches the class records.  No person in the Settlement Class, or any person acting on behalf of or in concert or participation with that person in the Settlement Class, may exclude any other person in the Settlement Class from the Settlement Class.

17.     The Claims Administrator shall maintain a list of persons who have submitted Opt-Out Requests and shall provide such list to the Parties upon written request.

18.     <u>Objections to the Settlement</u>.  Any Settlement Class Member who wishes to be heard orally at the Final Approval Hearing, or who wishes for any objection to be considered, must file a written notice of objection with the Court by the objection date contained in the Notice, as well as any notice of intention to appear at the Final Approval Hearing. The objection must also be served on counsel of record by the objection date. To state a valid objection to the Settlement, The notice of objection and supporting papers must be signed by the objector (and, if represented, by their counsel) and must include: (1) the objector's name and address; (2) the name and number of the Action (*i.e. Deborah Clark v. FDS Bank and Department Stores National Bank*, Case No. 6:17-cv-00692-WWB-EJK); (3) an explanation of the basis upon which the objector claims to be a Settlement Class Member, including his or her cell phone number; (4) all grounds for objection, including citation to all legal authority and factual evidence supporting objection; (5) name and contact information of any and all attorneys representing, advising, or assisting the objector in any way with respect to the objector's objection to the Agreement; (6) whether the objector intends to appear at the Final

Approval Hearing, either personally or through representation and if through representation, the name and contact information of any and all attorneys who will appear on the objector's behalf at the Final Approval Hearing; the identity of all counsel representing the objector who will appear at the final approval hearing; (7) a list of all persons who will be called to testify at the final approval hearing in support of the objection. The writing also must include a statement identifying each case, by full case caption, where an objector or the attorney representing the objector, has objected to any class settlement and asked for or received any payment in exchange for dismissal of the objection, or any related appeal, without modification to the class settlement.

19.     Settlement Class Members who do not file and serve timely written objections in accordance with the procedures set forth in the Agreement have waived any objections to the Settlement and are forever foreclosed from making any objection (whether by appeal or otherwise) to the settlement, or any aspect of the settlement, including, without limitation, the fairness, reasonableness, or adequacy of the proposed settlement, or any award of attorneys' fees or reimbursement of costs and expenses. For any objection filed, the Clerk of the Court is ordered to redact any social security number, the street address, telephone number and last name except first letter of last name in order to protect the objector's privacy. The objector's first name and city, state and zip code, as well as the objection, will not be redacted.

20.     <u>Stay of Other Proceedings</u>. Pending the final determination of whether the Settlement should be approved, all pre-trial proceedings and briefing schedules in the Action are stayed.

21.     Pending determination of whether the Settlement should be finally approved, all persons in the Settlement Class, individually, and on a representative basis or other capacity,

are barred and enjoined from commencing or prosecuting against any of the Released Parties

any action, arbitration, or proceeding in any court, arbitration forum or tribunal asserting any of

the Released Claims unless they timely opt-out.

22.     If for any reason whatsoever this Settlement is not finalized or the Settlement as

detailed in the Agreement is not finally approved by the Court except in cases where the Court

has denied approval without prejudice or a party appeals any such order denying approval, the

certification of the Settlement Class and the Settlement Agreement shall be deemed null, void

and unenforceable, and shall not be used nor shall it be admissible in any subsequent

proceedings either in this Court or in any other judicial, arbitral, administrative, investigative,

or other court, tribunal, or other proceeding, and the Parties shall return to their respective

positions prior to the Court's consideration of this Settlement.

23.     In the event that this Agreement is not approved by the Court or any appellate

court, or otherwise fails to become effective and enforceable, or is terminated, or the

Settlement Effective Date does not occur for any reason, the Parties will not be deemed to have

waived, limited, or affected in any way any of their claims, objections or defenses in the

Action.

24.     No Admission of Liability. Any certification of the Settlement Class in

accordance with the terms of the Settlement Agreement is for settlement purposes only.

Nothing in the Settlement Agreement will be construed as an admission or acknowledgement

of any kind that any class should be certified in this Action or in any other action or

proceeding. Further, neither the Settlement Agreement, nor the Court's actions with regard to

the Settlement Agreement, will be deemed admissible in this Action and are not intended to be

admissible (and Plaintiff and Class Counsel shall not seek their admission), in any other

judicial, arbitral, administrative, investigative, or other court, tribunal, forum, or proceeding, or in any other litigation, regarding the propriety of class certification or collective treatment.

25.     <u>Reasonable Procedures to Effectuate the Settlement</u>. Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Agreement, including making, without further approval of the Court, minor changes to the form or content of the Class Notice and Claim Form and other exhibits that they jointly agree are reasonable and necessary. The Court reserves the right to approve the Agreement with such modifications, if any, as may be agreed to by the Parties without further notice to persons in the Settlement Class.

26.     <u>Schedule of Future Events</u>. Accordingly, the following are the deadlines by which certain events must occur:

| _____, 2020<br><br>[45 days after the date of the identification of putative class members] | Deadline for notice to be provided in accordance with the Agreement and this Order (Notice Deadline) |
|---|---|
| _____, 2020<br><br>[30 days after the Notice Deadline] | Deadline for filing of Plaintiff's Motion for Attorneys' Fees and Costs and Service Award |
| _____, 2020<br><br>[30 days prior to Final Approval Hearing] | Deadline to file objections or submit requests for exclusion (Opt-Out and Objection Deadline) |

| _____, 2020<br><br>[60 days after the Notice Deadline] | Deadline for Class Members to Submit a Claim Form (Claim Period) |
|---|---|
| _____, 2020<br><br>[30 days after the Opt-Out and Objection Deadline] | Deadline for Parties to file the following:<br><br>(1) List of persons who made timely and proper requests for exclusion (under seal);<br>(2) Proof of Class Notice; and<br>(3) Motion and memorandum in support of final approval, including responses to any objections. |
| _____, 2020 at _____ _.m.<br><br>[No earlier than 149 days from the entry of this Order] | Final Approval Hearing |

IT IS SO ORDERED.


Dated:_____          _____

                                                    Hon. Wendy Berger<br>                                                    United States District Judge

MIADOCS 20216121 1

# EXHIBIT E

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

DEBORAH CLARK, individually and on
behalf of all others similarly situated,

      Plaintiff,

v.

FDS BANK and DEPARTMENT STORES
NATIONAL BANK,

      Defendants.

_____ /

FDS BANK and DEPARTMENT STORES
NATIONAL BANK,

      Third-Party Plaintiffs,

v.

RONDA MERCER,

      Third-Party Defendant.

_____ /

Case No. 6:17-cv-00692-WWB-EJK


**[PROPOSED] ORDER GRANTING FINAL APPROVAL**

The Court having held a Final Approval Hearing on _____, 2020, notice of the hearing having been duly given in accordance with this Court's Order (1) Preliminarily Approving Class Action Settlement, (2) Conditionally Certifying a Settlement Class, (3) Approving Notice Plan and (4) Setting Final Approval Hearing (the "Preliminary Approval Order"), and having considered all matters submitted at the Final Approval Hearing and otherwise, and finding no just reason for delay in entry of this Final Approval Order,

It is hereby ORDERED, ADJUDGED AND DECREED as follows:

1.      The Settlement Agreement and Release, including its Exhibits (the "Agreement"), and the definition of words and terms contained therein, are incorporated by reference and are used hereafter. The terms and definitions of this Court's Preliminary Approval Order (ECF No.___) are also incorporated by reference into this Final Approval Order.

2.      This Court has jurisdiction over the subject matter of the Action and over FDS Bank and Department Stores National Bank ("FDS" and  "Department Stores" and, together with Plaintiff, the "Parties") and Plaintiff, including all Settlement Class Members, (collectively, "the Parties"), with respect to the Settlement Class certified for settlement purposes in this Court's Preliminary Approval Order, as follows:

> All persons in the United States whose cellular telephone number, at any time on or after July 22, 2015, through January 31, 2020, Defendants (or either of their agents or affiliates) placed a call for debt collection purposes (estimated to be 247,000 persons) in connection with a Macy's and/or Bloomindale's credit card account using an artificial or prerecorded voice and/or using substantially the same systems that were used to call Plaintiff's cellular telephone number, where the phone number called belonged to the owner or customary user of that cellphone who did not provide the number to Defendants and/or is not a person who had consented to receiving calls at that cellular telephone number.

3.      The following are excluded from the Settlement Class: (1) the trial judge presiding over this case; (2) (ii) Defendants and their officers and directors; and (3) all Settlement Class Members who timely and validly request exclusion from the Settlement Class.

4.     The Court hereby finds that the Agreement is the product of arm's length settlement negotiations between Plaintiff and FDS and Department Stores.

5.     The Court hereby finds and concludes that Class Notice was disseminated to persons in the Settlement Class in accordance with the terms of the Agreement and that the Class Notice and its dissemination were in compliance with this Court's Preliminary Approval Order.

6.     The Court further finds and concludes that the Class Notice and claims submission procedures set forth in the Agreement fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, were the best notice practicable under the circumstances, provided due and sufficient individual notice to all persons in the Settlement Class who could be identified through reasonable effort and support the Court's exercise of jurisdiction over the Settlement Class as contemplated in the Agreement and this Final Approval Order.

7.     There were no objections to the Agreement *or* [For the reasons stated on the record, as well as the reasons set forth in the Parties' respective pleadings, the Court overrules all objections to the Agreement.]

8.     If applicable [The Court finds that _____ is/are not class members and have no standing to object to the Settlement Agreement.]

9.     The Court hereby finally approves the Agreement and finds that the terms constitute, in all respects, a fair, reasonable and adequate settlement as to all Settlement Class Members in accordance with Rule 23 of the Federal Rules of Civil Procedure.

10.    The Court hereby finally certifies the Settlement Class for settlement purposes. The Court finds for settlement purposes that the Action satisfies all the requirements of Rule 23 of the Federal Rules of Civil Procedure.

11.     The Court hereby approves the plan of distribution for the Settlement Fund as set forth in the Agreement. The Claims Administrator is hereby ordered to comply with the terms of the Agreement with respect to distribution of the Settlement Fund, the Subsequent Distributions and disposition of any remaining funds thereafter.

12.     This Court hereby dismisses this Action with prejudice as to the Settlement Class Representative and the Settlement Class Members (other than those who timely filed valid Opt-Out Requests), without costs to any party, except as expressly provided for in the Agreement. The third party claims against Mercer will also be dismissed with prejudice.

13.     As of the Effective Date, the Plaintiff and each and every Releasing Settlement Class Member irrevocably releases, acquits, and forever discharged the Released Parties from the Released Claims as fully set forth in the Agreement. In addition, any rights of Plaintiff and each and every one of the Settlement Class Members to the protections afforded under Section 1542 of the California Civil Code and/or any other similar, comparable or equivalent laws will be terminated.

14.     If for any reason whatsoever this Settlement fails to become effective for any reason, the certification of the Settlement Class and the Settlement Agreement shall be deemed null, void and unenforceable, and shall not be used nor shall it be admissible in any subsequent proceedings either in this Court or in any other judicial, arbitral, administrative, investigative, or other court, tribunal, or other proceeding, and the Parties shall return to their respective positions prior to the Court's consideration of this Settlement. No agreements, documents or statements made by or entered into by any Party in connection with the Settlement may be used by Plaintiff, any person in the Settlement Class, Defendants or any other person to establish liability, any

defense and/or any of the elements of class certification, whether in the Action or in any other proceeding.

15.     In the event that the Settlement fails to become effective for any reason, the money remaining in the Settlement Fund, less expenses and taxes incurred or due and owing and payable from the Settlement Fund in accordance with the Agreement, shall be returned to Defendants.

16.     By incorporating the Agreement and its terms herein, the Court determines that this Final Approval Order complies in all respects with Federal Rule of Civil Procedure 65(d)(1).

17.     Class Counsel have moved pursuant to FED. R. CIV. P. 23(h) and 52(a) for an award of attorneys' fees and reimbursement of expenses. Pursuant to Rules 23(h)(3) and 52(a) this Court makes the following findings of fact and conclusions of law:

(a)     that the Class Settlement confers substantial benefits on the Settlement Class Members;

(b)     that the value conferred on the Settlement Class is immediate and readily quantifiable (upon this Judgment becoming Final (as defined in the Agreement), Settlement Class Members who have submitted valid and timely Settlement Claim Certification Forms will receive cash payments that represent a significant portion of the damages that would be available to them were they to prevail in an individual action under the Telephone Consumer Protection Act ("TCPA");

(c)     that Class Counsel vigorously and effectively pursued the Settlement Class Members' claims before this Court in this complex case;

(d)     that the Class Settlement was obtained as a direct result of Class Counsel's advocacy;

(e)     that the Class Settlement was reached following extensive negotiation between Class Counsel and Counsel for PRA and Walmart, and was negotiated in good-faith and in the absence of collusion;

(f)     that Settlement Class Members were advised in the Class Notice approved by the Court that Class Counsel intended to apply for an award of attorneys' fees in the amount in an amount of up to $_____ and expenses in the amount of up to $_____incurred in the prosecution of the Litigation, to be paid from the Settlement Fund;

(g) that _____ member(s) of the Settlement Class has (have) submitted written objection(s) to the award of attorneys' fees and expenses;

(g)     that counsel who recover a common benefit for persons other than himself or his client is entitled to a reasonable attorneys' fee from the Settlement Fund as a whole. In the Eleventh Circuit, "it is well established that when a representative party has conferred a substantial benefit upon a class, counsel is entitled to an allowance of attorneys' fees based upon the benefit obtained." *In re Checking Acct. Overdraft Litig.*, 830 F. Supp.2d 1330, 1358 (S.D. Fla. 2011), citing *Camden I Condo Ass'n v. Dunkle*, 946 F.2d 768, 771 (11th Cir. 1991) and *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980).  The Eleventh Circuit endorses using the factors articulated *Johnson v. Georgia Highway Expr., Inc.*, 488 F.2d 714 (5th Cir. 1974), to confirm the reasonableness of the award in excess of 25%. *See Camden I Condo. Ass'n*, 946 F.2d at 775. The *Johnson*/*Camden I* factors are

(1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney; (5) the customary fee; (6) whether the fee is contingent; (7) the time limitations imposed; (8) the amount involved and results obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Camden I*, 946 F.2d at 772, n.3. These factors confirm the reasonableness of the proposed fee award here.  Accordingly, Class Counsel are hereby awarded $ _____ for attorney fees and $_____ for reimbursed expenses from the balance of the Settlement Fund, which the Court finds to be fair and reasonable, and which amount shall be paid to Class Counsel from the Settlement Fund in accordance with the terms of the Agreement.

14.    The Class Representative, Deborah Clark, as identified in the Preliminary Approval Order, is hereby compensated in the amount of $_____ for his efforts in this case. *See*, *e.g.*, *Cooper v. NelNet, Inc.*, 14-cv-314-RBD-DAB, ECF No. 85, p.5, ¶ 11 (M.D. Fla. Aug. 4, 2015) ($25,000 incentive award); *Gevaerts v. TD Bank, N.A.*, No. 14-cv-20744-RLR, 2015 U.S. Dist. LEXIS 150354, *25-*26 (S.D. Fla. Nov. 5, 2015) ($10,000 incentive awards to two sets of plaintiffs), *citing Spicer v. Chi. Bd. of Options Exchange, Inc.*, 844 F.Supp. 1226, 1267-68 (N.D. Ill. 1993) (collecting cases approving incentive awards ranging from $5,000 to $100,000, and approving $10,000 for each plaintiff); *Legg v. Lab. Corp. of Am. Holdings*, No. 14-61543-RLR, 2016 U.S. Dist. LEXIS 122695 (S.D. Fla. Feb. 18, 2016) ($10,000, in a FACTA case); *Legg v. Spirit Airlines, Inc.*, No. 14-cv-61978-JIC, ECF No. 151, ¶16 (S.D. Fla.) ($10,000 each to two plaintiffs, in a FACTA case); and *Muransky v. Godiva*

*Chocolatier, Inc.*, No. 15-cv-60716-WPD, 2016 U.S. Dist. LEXIS 133695, *11 (S.D. Fla. Sept. 28, 2016) ($10,000, in a FACTA case).

**IT IS SO ORDERED,**
**ADJUDGED AND DECREED.**

Dated: _____          _____
                                           Honorable Wendy Berger

MIADOCS 20216304 1

SMRH:488439869.3                          -7-