# APPENDIX 3

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

DEBORAH CLARK, individually and on
behalf of all others similarly situated,

      Plaintiff,

v.

FDS BANK and DEPARTMENT STORES
NATIONAL BANK,

      Defendants.

_____ /

FDS BANK and DEPARTMENT STORES
NATIONAL BANK,

      Third-Party Plaintiffs,

v.

RONDA MERCER,

      Third-Party Defendant.

_____ /

Case No. 6:17-cv-00692-WWB-EJK

**DECLARATION OF KEITH J. KEOGH**

Keith J. Keogh declares under penalty of perjury, that the following statements are true:

1.      I am over the age of eighteen and am fully competent to make this declaration. This

declaration is based upon my personal knowledge and if called upon to testify to the matters stated

herein, I could and would do so competently.

2.      As shown below, my firm has regularly engaged in major complex class litigation

involving consumer issues. My firm has the resources necessary to conduct litigation of this nature,

and has experience prosecuting class actions of similar size, scope, and complexity to the instant

case. Additionally, I have often served as class counsel in similar actions.

3.      Keogh Law, Ltd. consists of five attorneys and focuses on consumer protection cases for both individuals and class actions. I am a shareholder of the firm and member of the bars of the United States Supreme Court and the Court of Appeals for the First, Second, Third, Fifth, Seventh, Ninth and Eleventh Circuits, Middle District of Florida, Southern District of Florida, Eastern District of Wisconsin, Northern District of Illinois, Central District of Illinois, Southern District of Indiana, District of Colorado, , the Illinois State Bar, and the Florida State Bar, as well as several bar associations and the National Association of Consumer Advocates.

4.      The TCPA is a technologically focused statute. In my experience, I have learned that in order to successfully litigate TCPA class actions, attorneys must understand the mechanics of automatic telephone dialing systems and must understand how computer databases store and organize call records.  This case is a perfect example of the need to have this type of experiences as evidenced by the numerous discovery hearings including evidentiary hearings with the parties and third party database experts.

5.      In addition, attorneys must closely track pending petitions before the FCC on TCPA issues, as the FCC generally is active on TCPA issues and clarifies its regulations.

6.      In 2015, the National Association of Consumer Advocates honored me as the Consumer Attorney of the Year for my work in courts and with the FCC insuring the safeguards of the Telephone Consumer Protection Act.

7.      Many of the class settlements my firm has handled have resulted in record breaking settlements for TCPA class actions. *See Hageman v. AT&T Mobility LLC, et al.*, Case 1:13-cv-00050-DLC-RWA (D. MT.) (Co-Lead) (Final Approval Granted February 11, 2015 providing for a $45 million settlement for a class of 16,000 persons in TCPA case) and *Capital One Telephone Consumer Protection Act Litigation*, et al., 12-cv-10064 (N.D. Ill. Judge Holderman) (Liaison

97617

Counsel and additional Class Counsel)(Final Approval Granted February 12, 2015 for a $75 million settlement in TCPA case).

8.　　Similarly, I was class counsel in the four largest all cash class action settlements brought under the FACTA section of the FCRA. *Flaum v. Doctor's Associates, Inc.*, 16-cv-61198, (S.D. Fla. Mar. 23, 2017) ($30.9 million).*Legg v. Laboratory Corporation of America Holdings*, No. 14-cv-61543-RLR (S.D. Fla., filed July 6, 2014) ($11 million); *Legg v. Spirit Airlines, Inc*., No. 14-cv-61978-JIC (S.D. Fla., filed Aug. 29, 2014) ($7.5 million); *Muransky v. Godiva Chocolatier, Inc*., 15-cv-60716-WPD (S.D. Fla., filed Apr. 6, 2015) ($6.3 million) (vacated on appeal related to standing issues but refiled in state court where approved).

9.　　In addition to the above, I was lead or class counsel in the following class settlements, which a substantial number of them were brought under the TCPA: *See Keim v. ADF Companies, et al., No. 12-cv-80577-KAM (S.D. Fla. 2020) (TCPA); Legg v. PTZ Insurance Agency, LTD. et al., No. 1:14-cv-10043 (N.D. Ill. 2019) (TCPA); Melito et al. v Experian Mkt. Sols., 923 F.3d 85 (2nd Cir. 2019) (affirming TCPA class settlement); Leung v XPO Logistics, Inc.,* 15 CV 03877, (N.D. Ill. 2018) (TCPA); *Martinez v Medicredit,* 4:16CV01138 ERW (E.D. Mo. 2018) (TCPA); *Martin v. Wells Fargo Bank, N.A.*, 16-cv-09483 (N.D. Ill. 2018)(FCRA); *Town & Country Jewelers, LLC v. Meadowbrook Insurance Group, Inc., et al,* 15-CV-02419-PGS-LHG (D. NJ. 2018)(TCPA); *Legg v AEO*, 14-cv-02440-VEC (TCPA)(on appeal after final approval from professional objector); *Markos v Wells Fargo*, 15-cv-01156-LMM (N.D. Ga. (TCPA); *Ossola v Amex* 1:13-cv-04836 (N.D. Ill. 2016)(TCPA); *Luster v. Wells Fargo,* 15-1058-TWT (N.D. Ga.)(TCPA); *Prather v Wells Fargo*, 15-CV-04231-SCJ (ND. Ga)(TCPA); *Joseph et al. v. TrueBlue, Inc. et al.*, Case No. 3:14-cv-05963 (D. Wa.) (TCPA case pending final approval for $5 million for 1,948 class members); *Tripp v. Berman & Rabin, P.A.,* 310 F.R.D.

97617

499 (D. Kan. 2015); *Willett, et al. v. Redflex Traffic Systems, Inc., et al.*, Case No. 13-cv-01241-

JCH-RHS(TCPA); *In re Convergent Outsourcing, Inc. Telephone Consumer Protection Act*

*Litigation,* Master Docket No. 3:13-cv-1866-AWT (D. Conn) (Interim Co-Lead) (TCPA); *De*

*Los Santos v Millword Brown, Inc.*, 9:13-cv-80670-DPG (S.D. Fl) (TCPA); *Allen v. JPMorgan*

*Chase Bank, N.A.* 13-cv-08285 (N.D. Ill. Judge Pallmeyer) (TCPA); *Cooper v NelNet*, 6:14-cv-

314-Orl-37DAB (M.D. Fl.) (TCPA) (TCPA); *Thomas v Bacgroundchecks*.com, 3:13-CV-029-

REP (E.D. Va.)(additional class counsel); *Carrero v. LVNV Funding*, LLC, 11-CV-62439-KMW

(S.D. Fl. 2016)(Unlicensed debt collector under Fl. law); *Lopera v RMS*, 12-c-9649 (N.D. Ill.

Judge Wood), *Kubacki v Peapod*, 13-cv-729 (N.D. Ill. Judge Mason); *Wojcik v. Buffalo Bills,*

*Inc.*, 8:12 CV 2414-SDM-TBM (M.D. Fl. Judge Merryday) (TCPA); *Curnal v LVNV*

*Funding, LLC.*, 10 CV 1667 (Wyandotte County, KS 2014) (Unlicensed debt collector under KS

law); *Cummings v Sallie Mae*, 12 C-9984 (N.D. Ill. Judge Gottschall)  (TCPA) (co-lead); *Brian*

*J. Wanca, J.D., P.C. v. L.A. Fitness International, LLC*, Case No. 11-CV-4131 (Lake County, Il.

Judge Berrones) (TCPA); *Osada v. Experian Info. Solutions, Inc.*, 2012 U.S. Dist. LEXIS 42330

(N.D. Ill. Mar. 28, 2012) (FCRA class); *Saf-T-Gard International, Inc. v. Vanguard Energy*

*Services, L.L.C., et al*, 12-cv-3671 (N.D. Ill. 2013 Judge Gottschall) (TCPA); *Saf-T-Gard v TSI*,

10-c-7671, (N.D. Ill. Judge Rowland) (TCPA); *Cain v Consumer Portfolio Services, Inc.* 10-cv-

02697 (N.D. Ill. Judge Keys) (TCPA); *Iverson v Rick Levin & Associates*, 08 CH 42955 Circuit

Court Cook County (Judge Cohen) (TCPA); *Saf-T-Gard v Seiko,* 09 C 776 (N.D. Ill. Judge

Bucklo) (TCPA); *Jones v. Furniture Bargains*, LLC, 09 C 1070 (N.D. Ill) (FLSA collective

action); *Saf-T-Gard v Metrolift*, 07 CH 1266 Circuit Court Cook County (Judge Rochford) (Co-

Lead) (TCPA); *Bilek* v *Countrywide,* 08 C 498 (N.D. Ill. Judge Gottschell); *Pacer* v *Rochenback*,

07 C 5173 (N.D. Ill. Judge Cole); *Overlord Enterprises* v. *Wheaton Winfield Dental Associates,*

4

04 CH 01613, Circuit Court Cook County (Judge McGann) (TCPA); *Whiting* v *SunGard,* 03 CH

21135, Circuit Court Cook County (Judge McGann) (TCPA); *Whiting* v. *Golndustry,03* CH

21136, Circuit Court Cook County (Judge McGann) (TCPA).

**Clark v. FDS Bank et al.**

10.      This case has taken years and significant litigation to resolve. On September 9,

2016, Plaintiff filed this matter as a single-plaintiff suit pursuant to the Telephone Consumer

Protection Act. Plaintiff filed an Amended Class Action Complaint on November 18, 2016.

Plaintiff moved to voluntarily dismiss the Clark I Action on March 27, 2017, as granted by this

Court on March 28, 2017.

11.      Plaintiff refiled her Class Action Complaint as the instant matter on April 17,

2017, similarly alleging claims for violation of the TCPA. Plaintiff filed a Motion for Class

Certification on July 17, 2017. After briefing a contested Motion to Amend, Plaintiff filed an

Amended Complaint to name the correct defendants. on March 13,2018 (Dkt. 57). Plaintiff

experienced some health scares which, as a result of which Defendants filed a motion to dismiss

for lack of prosecution. The Court ordered Plaintiff to undergo a medical examination to

determine if she was capable of prosecuting the case as Class Representative. The medical

examination determined that Plaintiff was capable of continuing with the prosecution of her case.

12.      Discovery in this case has been thorough and contentious, requiring the court's

intervention on numerous occasions. Defendants filed several Motions for a Protective Order

regarding Plaintiff's deposition notices. Plaintiff filed a Motion to Compel Discovery Responses

from Defendant, which required three rounds of motions and hearings to finally resolve and

resulted in Plaintiff's Counsel being awarded fees for the effort. Defendant moved to exclude

97617

Plaintiff's expert witness report. The discovery disputes in this matter were largely decided in favor of Plaintiff and the Class.

13.     After lengthy and contentious discovery, detailed above, Defendants filed a Motion for Partial Summary Judgment, and Plaintiff filed her Motion for Class Certification under seal on December 4, 2019.

14.     On December 2, 2019, the parties engaged in a daylong mediation with attorney Rodney Max. While the parties did not reach an agreement at the mediation, the Parties continued to work with Mr. Max until a settlement in principle was reached in February 2020. Negotiations regarding the specifics of the settlement, agreement, and release continued until this filing of the Motion for Preliminary Approval.

15.     I am confident in the strength of the claims alleged in this action and that Plaintiff would ultimately prevail at trial. Notwithstanding the foregoing, litigation is inherently unpredictable, and the outcome of a trial is never guaranteed. Thus, I concede that Plaintiff would face significant risk in taking this case to trial.

16.     Some examples of the risks of this case is that there is the possibility that the Court would deny class certification, grant Summary Judgment in favor of the Defendants, or that the result at trial would weigh in Defendants' favor.  There was also various other risks that are present in consumer class actions and that we have experienced first-hand.

17.     For example, *Flaum v. Buth-Na-Bodhaige, Inc.*, 15-cv-62695, ECF No. 67 (S.D. Fla.) was the first-filed case, but the class claims were settled with gift cards in a later-filed, competing class action after a mediation in the first action.  In *Kirchein v. Pet Supermarket, Inc.*, 297 F.Supp.3d 1354, 1355-56 (S.D. Fla. 2018) the defendant successfully moved to dismiss case for lack of standing *after* agreeing to settlement and after settlement granted preliminary approval.

97617

18.     In another recent case Class Counsel was involved in, the class was decertified two years after certification and after notice had been sent to the Class, which resulted in Class Counsel incurring hundreds of thousands of dollars in notice costs, plus the additional cost to send notice of the decertification. *See Johnson v Yahoo!, Inc.*, 2018 U.S. Dist. LEXIS 23564 (N.D. Ill. Feb. 13, 2018) (order decertifying class after notice).  Likewise, in *Braver v Northstar*, 17-cv-00383-F (D. Ok 2020), the Co-Defendant filed Bankruptcy after class certification, after notice to class and after a class-wide judgment) and just last year in *Kinnamon v. Ditech Financial, LLC.*, 16-646 JAR, ECF 211 (E.D. Mo. February 26, 2019), Ditech filed bankruptcy after years of litigation including expert discovery and after class certification and summary judgment were pending.  The Settlement factored in the above risks based and counsels extensive experience in consumer class actions.

19.     Based on my experience handling Plaintiff consumer protection work, I believe that the settlement is a terrific result, and in the best interest of the class. The settlement provides real monetary recovery for class members, and will act as a deterrent for future misconduct by actors considering activities proscribed by these laws.

20.     Given the strength of this settlement, the undersigned does not expect significant opposition to the settlement by any of the class members.

21.     In prosecuting this case, my firm incurred the following expenses, which I believe were reasonably necessary in order to prosecute the class' claims:

7

97617

| Date | | Description | | | Amount | | |
|---|---|---|---|---|---|---|---|
| 8/9/2018 | | Ohare Parking | | | 40.00 | | |
| 8/9/2018 | | KJK Flight for Discovery Hearing | | | 678.41 | | |
| | | ALW Canceled Flight for Dep | | | 200.00 | | |
| 9/30/2018 | | Invoice for Delgado Dep | | | 962.90 | | |
| 10/21/2018 | | FedEx of Sealed Docs to Court | | | 20.00 | | |
| 10/21/2018 | | FedEx of Sealed Docs to Judge | | | 20.00 | | |
| 1/18/2019 | | KJK Flight home from 1.18 hearing | | | 501.30 | | |
| 1/18/2019 | | KJK Airport Parking for 1/18 Hearing | | | 45.00 | | |
| 1/17/2019 | | KJK Taxi from airport to Hotel | | | 46.62 | | |
| 1/18/2019 | | KJK Hotel for 1/18 hearing | | | 359.00 | | |
| 1/17/2019 | | KJK Flight to 1/18 Hearing | | | 352.41 | | |
| 3/20/2019 | | KJK Flight to 3/21 hearing | | | 1,356.60 | | |
| 3/20/2019 | | KJK Taxi for 3/21 Hearing | | | 47.06 | | |
| 3/20/2019 | | KJK Taxi for 3/21 Hearing | | | 58.12 | | |
| 3/21/2019 | | KJK Uber for 3/21 hearing | | | 46.43 | | |
| 3/21/2019 | | KJK Hotel for 3/21 hearing | | | 457.88 | | |
| 3/21/2019 | | KJK Uber to Airport after 3/21 hearing | | | 45.03 | | |
| 3/21/2019 | | KJK Hotel for 3/21 hearing | | | 457.88 | | |
| 5/14/2019 | | KJK Hotel for 5/14 Hearing | | | 300.50 | | |
| 5/13/2019 | | KJK Flight Change for 5/14 Hearing DUE TO American flight cancelled | | | 73.00 | | |
| 5/14/2019 | | KJK Airport Parking for 5/14 Hearing | | | 80.00 | | |
| 5/14/2019 | | kjk FLIGHT | | | 632.60 | | |
| 5/14/2019 | | KJK taxi for 5/15/2019 hearing | | | 49.23 | | |
| 5/13/2019 | | KJK Taxi for Hearing | | | 45.18 | | |
| 9/10/2019 | | KJK Taxi for 9/10 Hearing | | | 56.04 | | |
| 9/10/2019 | | KJK Flight for 9/10 Hearing | | | 407.30 | | |
| 12/2/2019 | | KJK Airport Parking for Mediation | | | 60.00 | | |
| 12/1/2019 | | KJK Taxi for Mediation | | | 45.48 | | |
| 12/2/2019 | | KJK Taxi for Mediation | | | 52.33 | | |
| 12/2/2019 | | KJK Hotel for Mediation | | | 252.00 | | |
| 12/1/2019 | | KJK Flight to Mediation | | | 481.61 | | |
| 12/2/2019 | | 1/2 mediation fee | | | 2,503.80 | | |
| 12/17/2019 | | Gerlach transcript | | | 639.30 | | |
| 12/27/2019 | | Mediation Invoice for balance | | | 2,503.81 | | |
| 1/31/2020 | | Compliance Point Invoice | | | 1,266.20 | | |
| 1/28/2020 | | Invoice for Gerlach dep | | | 639.30 | | |
| 1/25/2020 | | ALW Expenses for Defendant Deps | | | 797.10 | | |
| 4/23/2020 | | TracFone Invoice for Subpoena Response | | | 120.00 | | |
| 3/14/2022 | | Hotel for final approval hearing | | | 322.88 | | |
| 3/14/2022 | | Flight for Final Approval hearing | | | 509.20 | | |
| 3/14/2022 | | Estimated Taxi's to and from airports for final approval | | | 250.00 | | |
| | | | | | 17,781.50 | Total Expenses | |
| | | *Costs for May 14th evidentary hearing previosuly paid by Defendant as sanction have been removed | | | | | |

97617

**Additional Experience**

22.     I was the attorney primarily responsible for the following class settlements: *Wollert* v. *Client Services,* 2000 U.S. Dist. LEXIS 6485 (N.D. Ill. 2000); *Rentas* v. *Vacation Break USA,* 98 CH 2782, Circuit Court of Cook County (Judge Billik); *McDonald* v. *Washington Mutual Bank,* supra; *Wright* v. *Bank One Credit Corp.,* 99 C 7124 (N.D. Ill. Judge Guzman); *Arriaga* v. *Columbia Mortgage,* 01 C 2509 (N.D. Ill. Judge Lindberg); *Frazier* v. *Provident Mortgage,* 00 C 5464 (N.D. Ill. Judge Coar); *Largosa* v. *Universal Lenders,* 99 C 5049 (N.D. Ill. Judge Leinenweber); *Arriaga* v. *GNMortgage,* (N.D. Ill. Judge Holderman); *Williams* v. *Mercantile Mortgage,* 00 C 6441 (N.D. Ill. Judge Pallmeyer); *Reid* v. *First American Title,* 00 C 4000 (N.D. Ill. Magistrate Judge Ashman); *Fabricant* v. *Old Kent, 99* C 6846 (N.D. Ill. Magistrate Judge Bobrick); *Mendelovits* v. *Sears,* 99 C 4730 (N.D. Ill. Magistrate Judge Brown); *Leon* v. *Washington Mutual,* 01 C 1645 (N.D. Ill. Judge Alesia).

23.     The individual class members' recovery in some of these settlements was substantial. For example, in one of the cases against a major bank the class members' recovery was 100% of their actual damages resulting in a payout of $l,000 to $9,000 per class member. In another case against a major lender regarding mortgage servicing responses, each class member who submitted a claim form received $1,431.  *McDonald v. Washington Mutual Bank.*

24.     In addition, to the above settlements, I was appointed class counsel in *Keim v. ADF MidAtlantic*, LLC, 2018 U.S. Dist. LEXIS 204548 (S.D. Fla., Dec. 3, 2018) (TCPA); *Braver v. Northstar Alarm Services, LLC,* No. 5:17-cv-00383-F (W.D. Ok 2018) (TCPA); *In Re Convergent Outsourcing, Inc. Telephone Consumer Protection Act Litigation*, Master Docket

97617

No. 3:13-cv-1866-AWT (D. Conn) (Interim Co-Lead);  *Galvan v. NCO Fin. Sys.*, 2012 U.S.

Dist. LEXIS 128592 (N.D. Ill. 2012); *Osada v. Experian Info. Solutions, Inc.*, 2012 U.S. Dist.

LEXIS 42330 (N.D. Ill. Mar. 28, 2012) (FCRA class)*; Pesce v First Credit Services*, 11-cv-

01379 (N.D. Ill. December 19 2011) (TCPA Class); *Smith v Greytsone Alliance*, 09 CV 5585

(N.D. Ill. 2010); *Cicilline* v. *Jewel Food Stores, Inc.,* 542 F.Supp.2d 831 (N.D.Ill. 2008)(Co-

Lead Counsel for FACTA class); *Harris* v. *Best Buy Co.,* 07 C 2559,2008 U.S. Dist. LEXIS

22166 (N.D.Ill. March 20, 2008)( FACTA class); *Matthews* v. *United Retail, Inc.,* 248 F.R.D.

210 (N.D.Ill. 2008)( FACTA class); *Redmon* v. *Uncle Julio's, Inc.,* 249 F.R.D. 290 (N.D.Ill.

2008)( FACTA class); *Harris* v. *Circuit City Stores, Inc.,* 2008 U.S. Dist. LEXIS 12596,2008

WL 400862 (N.D. Ill. 2008)( FACTA class); *Pacer* v *Rockenbach Chevrolet Sales, Inc.,* 07 C

5173 (N.D. Ill. 2008)( FACTA class); and *Stahl v. RMK Mgmt. Corp.*, 2015-CH-13459 (Cir. Ct.

Cook Cty.) (landlord/tenant case under Chicago RLTO).

    25.    Some additional reported cases of mine involving consumer protection include:

*Susinno v. Work Out World Inc.*, 862 F.3d 346, 351 (3rd Cir. 2017) (TCPA); *Franklin v. Parking*

*Revenue Recovery Servs.*, 832 F.3d 741 (7th Cir. 2016); *Galvan v. NCO Portfolio Mgmt. Inc.*,

794 F.3d 716, 721 (7th Cir. 2015); *Leeb v. Nationwide Credit Corp.*, 806 F.3d 895 (7th Cir.

2015); S*mith v Greystone,* 772 F.3d 448 (7th Cir. 2014); *Clark v Absolute Collection Agency,* 741

F.3d 487 (4th 2014); *Lox v. CDA, Ltd.,* 689 F.3d 818 (7th Cir. 2012); *Townsel v. DISH Network*

*L.L.C.*, 668 F.3d 967 (7th Cir. Ill. 2012); *Catalan v. GMAC Mortgage Corp.*, No. 09-2182 (7th

Cir. 2011) ; *Gburek v Litton Loan*, 614 F.3d 380 (7th Cir. 2010); *Sawyer v. Ensurance Insurance*

*Services* consolidated with *Killingsworth* v. *HSBC Bank Nev., NA.,* 507 F3d 614, 617 (7th Cir.

2007), *Echevarria et al. v. Chicago Title and Trust Co.,* 256 F3d 623 (7th Cir. 2001*); Demitro v.*

*GMAC,* 388 Ill. App. 3d 15, 16 (lst Dist. 2009); *Hill* v. *St. Paul Bank,* 329 Ill. App. 3d 7051,

97617

1768 N.E.2d 322 (lst Dist. 2002); *In re Mercedes-Benz Tele Aid Contract Litig., 2009* U.S. Dist. LEXIS 35595 (D.N.J. 2009); *Catalan v. RBC Mortg. Co.,* 2009 U.S. Dist. LEXIS 26963 (N.D. Ill. 2009); *Elkins v. Equifax, Inc.,* 2009 U.S. Dist. LEXIS 18522 (N.D. Ill. 2009); Harris v. *DirecTV Group, Inc.,* 2008 U.S. Dist. LEXIS 8240 (N.D. Ill. 2008); *In re TJX Cos., Inc., Fair &* *Accurate Credit Transactions Act* (FACTA) Litig., 2008 U.S. Dist. LEXIS 38258 (D. Kan. 2008); *Martin* v. *Wal- Mart Stores, Inc.,* 2007 U.S. Dist. LEXIS 89715 (N.D. Ill. 2007); *Elkins* v. *Ocwen Fed. Sav. Bank Experian Info. Solutions, Inc.,* 2007 U.S. Dist. LEXIS 84556 (N.D. Ill. 2007); *Harris* v. *Wal-Mart Stores, Inc.,* 2007 U.S. Dist. LEXIS 76012 (N.D. Ill. 2007); Stegvilas v. *Evergreen Motors, Inc.,* 2007 U.S. Dist. LEXIS 35303 (N.D. Ill. 2007); *Cook* v. *River Oaks Hyundai, Inc.,* 2006 U.S. Dist. LEXIS 21646 (N. D. Ill. 2006); *Gonzalez* v. *W. Suburban Imps.,* Inc., 411 F. Supp. 2d 970 (N.D. Ill. 2006); *Eromon* v. *GrandAuto Sales, Inc.,* 333 F. Supp. 2d 702 (N.D. Ill. 2004); *Williams* v. *Precision Recovery, Inc.,* 2004 U.S. Dist. LEXIS 6190 (N.D. Ill. 2004); *Doe* v. *Templeton,* 2003 U.S. Dist. LEXIS 24471 (N.D. Ill. 2003); *Ayala* v. *Sonnenschein Fin. Servs.,* 2003 U.S. Dist. LEXIS 20148 (N.D. Ill. 2003); *Gallegos* v. *Rizza Chevrolet, Inc., 2003* U.S. Dist. LEXIS 18060 (N.D. Ill. 2003); *Szwebel v. Pap's Auto Sales, Inc.,* 2003 U.S. Dist. LEXIS 13044 (N.D. Ill. 2003); *Johnstone v. Bank of America,* 173 F. Supp.2d 809 (N.D. Ill. 2001); *Leon* v. *Washington Mutual Bank,* 164 F. Supp.2d 1034 (N.D. Ill. 2001); *Ploog v. HomeSide Lending,* 2001 WL 987889 (N.D. Ill. 2001); *Christakos* v. *Intercounty Title,* 196 F.R.D. 496 (N.D. Ill. 2000); *Batten* v. *Bank One,* 2000 WL 1364408 (N.D. Ill. 2000); *McDonald* v. *Washington Mutual Bank,* 2000 WL 875416 (N.D. Ill. 2000); and *Williamson* v. *Advanta Mtge Corp.,* 1999 U.S. Dist. LEXIS 16374 (N.D. Ill. 1999). The *Christakos* case significantly broadened title and mortgage companies' liability under Real Estate Settlement

97617

Procedures Act ("RESPA") and *McDonald* is the first reported decision to certify a class regarding mortgage servicing issues under the Cranston-Gonzales Amendment of RESPA.

26.     I have argued before the First Circuit, Seventh Circuit, the First District of Illinois and the Multidistrict Litigation Panel in *Breda v. Cellco P'ship*, 2019 U.S. App. LEXIS 24148,934 F.3d 1(2019); *Townsel v. DISH Network L.L.C.*, 668 F.3d 967 (7th Cir. Ill. 2012)*; Catalan* v *GMACM* (7th Cir. 2010); *Gburek* v *Litton Loan Servicing* (7th Cir. 2009); *Sawyer* v *Esurance* (7th Cir. 2007), *Echevarria, et al.* v. *Chicago Title and Trust Co.* (7th Cir. 2001); *Morris* v *Bob Watson,* (lst. Dist. 2009); *Iverson* v *Gold Coast Motors Inc.,* (lst. Dist. 2009); *Demitro* v. *GMAC* (lst Dist. 2008), *Hill v. St. Paul Bank* (lst Dist. 2002), and *In Re: Sears, Roebuck & Company Debt Redemption Agreements Litigation* (MDL Docket No. 1389.) *Echevarria* was part of a group of several cases that resulted in a nine million dollar settlement with Chicago Title.

27.     My published works include co-authoring and co-editing the 1997 supplement to *Lane's Goldstein Trial Practice Guide* and *Lane's Medical Litigation Guide.*

28.     I have lectured extensively on consumer litigation, including extensively on class actions and the TCPA.  For example, I:

a.   Presented at the National Consumer Law Center 2018 annual conference on the TCPA.

b.  Presented at the 2018 Fair Debt Collection Training Conference for two sessions on the TCPA.

c.  Presented at the National Consumer Law Center 2017 annual conference on the TCPA.

d.  Presented at the National Consumer Law Center 2016 annual conference on the TCPA.

e.  Presented at the 2016 Fair Debt Collection Training Conference for a session on TCPA Developments.

97617

f.  Presented for the National Association of Consumer Advocates November 2015 webinar titled Developments and Anticipated Impact of Recent FCC TCPA Rules.

g.  Presented at the National Consumer Law Center 2015 annual conference in San Antonio, Tx. on the TCPA.

h.  Presented at the 2015 Fair Debt Collection Training Conference for three sessions on the TCPA.

i.  Presented at the National Consumer Law Center 2014 annual conference in Tampa Fl. for two sessions on the TCPA.

j.  Panelist for the December 2013 Strafford CLE Webinar titled TCPA Class Actions: Pursuing or Defending Claims Over Phone, Text and Fax Solicitations.

k.  Panelist for the December 2014 Chicago Bar Association Class Action Seminar titled "Class Action Settlements in the Seventh Circuit: Navigating Turbulent Waters."

l.  Presented at the 2014 Fair Debt Collection Training Conference for three sessions on the TCPA.

m.  Panelist for the December 2013 Strafford CLE Webinar titled Class Actions for Telephone and Fax Solicitation and Advertising Post-Mims. Leveraging TCPI lectured at the 2014 Fair Debt Collection Training Conference for three sessions on the TCPA.

n.  Panelist for the December 2013 Strafford CLE Webinar titled Class Actions for Telephone and Fax Solicitation and Advertising Post-Mims. Leveraging TCPA Developments in Federal Jurisdiction, Class Suitability, and New Technology.

o.  Presented for the National Association of Consumer Advocates November 2013 webinar titled Current Telephone Consumer Protection Act Issues Regarding Cell Phones.

97617

p.   Presenter for the November 2013 Chicago Bar Association Class Action Committee presentation titled Future of TCPA Class Actions.

q.   Speaker at the Social Security Administration's Chicago office in August 2013 on a presentation on identity theft, which included consumers' rights under the Fair Credit Reporting Act.

r.   Panelist for the May 14, 2013 Chicago Bar Association Class Action Seminar titled "The Shifting Landscape of Class Litigation" as well as for the March 20, 2013 Strafford CLE webinar titled "Class Actions for Telephone and Fax Solicitation and Advertising Post-Mims. Leveraging TCPA Developments in Federal Jurisdiction, Class Suitability, and New Technology."

s.   Lectured at the June 6, 2013 Consumer Law Committee of the Chicago Bar Association on the topic "Employment Background Reports under the Fair Credit Reporting Act: Improper consent forms to failure to provide background report prior to adverse action."

t.   Lectured at the 2013 Fair Debt Collection Training Conference for three sessions on the TCPA.

u.   Presented at the 2012 National Consumer Law Center annual conference for a session on the TCPA.

v.   Presented at the 2012 Fair Debt Collection Training Conference for a session on the TCPA.

w.   Panelist for Solutions for Employee Classification & Wage/Hour Issues at the 2011 Annual Employment Law Conference hosted by Law Bulletin Seminars.

x.   Lectured at the 2011 National Consumer Law Center conference for a session titled Telephone Consumer Protection Act: Claims, Scope, Remedies as well as lectured at the

97617

same 2011 National Consumer Law Center conference for a double session titled ABC's of Class Actions.

y.   Taught *Defenses to Foreclosures* for Lorman Education Services, which was approved for CLE credit, in 2008 and 2010.

z.   Guest lecturer on privacy issues at University of Illinois at Urbana-Champaign School of Law. In March 2010.

aa.  Guest speaker for the Legal Services Office of The Graduate School and Kellogg MBA Program at Northwestern University for its seminar titled: "Financial Survival Guide: Legal Strategies for Graduate Students During A Period of Economic Uncertainty."

29.   I was selected as an Illinois Super Lawyer in 2017-2014 and an Illinois Super Lawyer Rising Star each year from 2008 through 2013 and my cases have been featured in local newspapers such as the Chicago Tribune, Chicago Sun-Times, The Naperville Sun, Daily Herald and RedEye.

30.   In April 2011, Timothy J. Sostrin joined the firm. He is a member in good standing of the Illinois bar, the U.S. District Court District of Colorado, U.S. District Court Northern District of Illinois, U.S. District Court Northern and Southern Districts of Indiana, U.S. District Court Eastern and Western Districts of Michigan, U.S. District Court Eastern District of Missouri, U.S. District Court Southern District of Texas and U.S. District Court Eastern and Western Districts of Wisconsin.

31.   Timothy J. Sostrin has zealously represented consumers in Illinois and in federal litigation nationwide against creditors, debt collectors, retailers, and other businesses engaging in unlawful practices.  Tim has extensive experience with consumer claims brought under the Fair Debt Collection Practices Act, The Telephone Consumer Protection Act, the Fair Credit Reporting

97617

Act, the Electronic Fund Transfer Act, and Illinois law.  Some of Tim's representative cases include: *Osada v. Experian Info. Solutions, Inc.*, 2012 U.S. Dist. LEXIS 42330 (N.D. Ill. Mar. 28, 2012) (granting class certification*); Galvan v. NCO Financial Systems, Inc.*, 2012 U.S. Dist. LEXIS 128592 (N.D. Ill. 2012) (granting class certification); *Saf-T-Gard International, Inc. v. Vanguard Energy Services, LLC*, (2012 U.S. Dist. LEXIS 174222 (N.D. Ill. Dec. 6, 2012) (granting class certification); *Jelinek v. The Kroger Co.*, 2013 U.S. Dist. LEXIS 53389 (N.D. Ill. 2013) (denying motion to dismiss); *Hanson v. Experian Information Solutions, Inc.*, 2012 U.S. Dist. LEXIS 11450 (N.D. Ill. Jan. 27, 2012) (denying defendant's motion for summary judgment); *Warnick v. DISH Network, LLC*, 2013 U.S. Dist. LEXIS 38549 (D. Colo. 2013) (denying defendant's motion to dismiss); *Torres v. Nat'l Enter. Sys.*, 2013 U.S. Dist. LEXIS 31238 (N.D. Ill. 2013)(denying defendant's motion to dismiss); *Griffith v. Consumer Portfolio Serv.*, 838 F.Supp.2d 723 (N.D. Ill. 2011)(denying defendant's motion for summary judgment); *Frydman et al v. Portfolio Recovery Associates, LLC*, 2011 U.S. Dist. LEXIS 69502 (N.D. Ill 2011) (denying defendant's motion to dismiss); *Rosen Family Chiropractic S.C. v. Chi-Town Pizza*, 2013 U.S. Dist. LEXIS 6385 (N.D. Ill. 2013) (denying motion to dismiss); *Sengenberger v. Credit Control Services, Inc.*, 2010 U.S. Dist. LEXIS 43874 (N.D. Ill. May 5, 2010) (granting summary judgment on TCPA claim).

32.     Tim is a member of the National Association of Consumer Advocates and ISBA. He received his Juris Doctorate, *cum laude*, from Tulane University Law School in 2006.

33.     In 2014, Michael Hilicki joined the firm. He has spent nearly all of his more-than 20-year legal career helping consumers and workers subjected to unfair and deceptive business practices, and unpaid wage practices. He is experienced in a variety of consumer and wage-related areas including, but not limited to, the Fair Debt Collection Practices Act, Truth-in-Lending Act,

97617

Fair Credit Reporting Act, Real Estate Settlement Procedures Act, Illinois Consumer Fraud & Deceptive Business Practices Act, Telephone Consumer Protection Act, Fair Labor Standards Act, the Illinois Security Deposit Interest Act, Illinois Security Deposit Return Act, Chicago Residential Landlord Tenant Ordinance (RLTO), and the Illinois Wage & Hour Law. He is experienced in all aspects of consumer and wage litigation, including arbitrations, trials and appeals.

34.     Examples of the numerous certified class actions in which Michael has represented consumers or workers include: *Stahl v. RMK Mgmt. Corp.*, 2015-CH-13459 (Cir. Ct. Cook Cty.); *Lanteri v. Credit Protection Ass'n, L.P.*, 2018 U.S. Dist. LEXIS 166345 (S.D. Ind. Sept. 26, 2018); *Altman v. White House Black Market, Inc.*, 2016 WL 3946780 (N.D. Ga. July 13, 2016); *Legg v. Spirit Airlines, Inc.*, No. 14-61978-Civ (S.D. Fla.); *Legg v. Lab. Corp. of Am. Holdings*, 2016 U.S. Dist. LEXIS 122695 (S.D. Fla. Feb. 18, 2016); *Muransky v. Godiva Chocolatier, Inc.*, 2016 U.S. Dist. LEXIS 133695 (S.D. Fla. Sept. 28, 2016) (on appeal); *Guarisma v. Microsoft Corp.*, 209 F.Supp.3d 1261 (S.D. Fla. 2016); *Flaum v. Doctors Associates,* 16-CV-61198-CMA (S.D. Fla.);; *Joseph et al. v. TrueBlue, Inc. et al.*, Case No. 3:14-cv-05963 (D. Wa.); *Tripp v. Berman & Rabin, P.A.,* 310 F.R.D. 499 (D. Kan. 2015); *Eibert v. Jaburg & Wilk, P.C.*, 13-cv-301 (D. Minn.); *Brinkley v. Zwicker & Associates, P.C.*, 13 C 1555 (N.D. Ill.); *Kraskey v. Shapiro & Zielke, LLP*, 11-cv-3307 (D. Minn.); *Short v. Anastasi & Associates, P.A.*, 11-cv-1612 SRN/JSM (D. Minn.); *Kimball v. Frederick J. Hanna & Associates, P.C.*, 10-cv-130 MJD/JJG (D. Minn.); *Murphy v. Capital One Bank*, 08 C 801 (N.D. Ill.); *In re American Family Mut. Ins. Co. Overtime Pay Litig.*, 06-cv-17430 WYD/CBS (D. Colo.); *Nettles v. Allstate Ins. Co.*, 02 CH 14426 (Cir. Ct. Cook Cty.); *Sanders v. OSI Educ. Servs., Inc.*, 01 C 2081 (N.D. Ill.); *Kort v. Diversified Collection Servs., Inc.*, 01 C 0689 (N.D. Ill.); *Hamid v. Blatt Hasenmiller, et al.*, 00 C 4511 (N.D. Ill.); *Durkin v. Equifax Check Servs., Inc.*, 00 C 4832 (N.D. Ill.); *Torres v. Diversified Collection Services, et al.*, 99-cv-

97617

00535 (RL-APR) (N.D. Ind.); *Morris v. Trauner Cohen & Thomas*, 98 C 3428 (N.D. Ill.), *Mitchell v. Schumann*, 97 C 240 (N.D. Ill.); *Pandolfi, et al. v. Viking Office Prods., Inc.*, 97 CH 8875 (Cir. Ct. Cook Cty.); *Trull v. Microsoft Corp.*, 97 CH 3140 (Cir. Ct. Cook Cty.); *Deatherage v. Steven T. Rosso, P.A.*, 97 C 0024 (N.D. Ill.); *Young v. Meyer & Njus, P.A.*, 96 C 4809 (N.D. Ill.); *Newman v. Boehm, Pearlstein & Bright, Ltd.*, 96 C 3233 (N.D. Ill.); *Holman v. Red River Collections, Inc.*, 96 C 2302 (N.D. Ill.); *Farrell v. Frederick J. Hanna*, 96 C 2268 (N.D. Ill.); *Blum v. Fisher and Fisher*, 96 C 2194 (N.D. Ill.); *Riter v. Moss & Bloomberg, Ltd.*, 96 C 2001 (N.D. Ill.); *Clayton v. Cr Sciences Inc.*, 96 C 1401 (N.D. Ill.); *Thomas v. MAC/TCS Inc., Ltd.*, 96 C 1519 (N.D. Ill.); *Young v. Bowman, et al.*, 96 C 1767 (N.D. Ill.); *Depcik v. Mid-Continent Agencies, Inc.*, 96 C 8627 (N.D. Ill.); and *Dumetz v. Alkade, Inc.*, 96 C 4002 (N.D. Ill.)

35.     Notable appeals Michael has argued include: Muransky v. Godiva Chocolatier, Inc., 922 F.3d 1175 (11th Cir. 2019) (FACTA case, vacated pending en banc review); Evans v. Portfolio Recovery Assocs., 889 F.3d 337 (7th Cir. 2018) (FDCPA case); Franklin v. Parking Revenue Recovery Servs., 832 F.3d 741 (7th Cir. 2016) (FDCPA case); Smith v. Greystone Alliance, LLC, 772 F.3d 448 (7th Cir. 2014) (FDCPA case), Shula v. Lawent, 359 F.3d 489 (7th Cir. 2004) (FDCPA case); Weizeorick v. ABN AMRO Mortgage Group, Inc., 337 F.3d 827 (7th Cir. 2001) (RESPA case).

36.     Michael has lectured on consumer law issues at Upper Iowa University and the Chicago Bar Association. He is a member of the Trial Bar of the United States District Court for the Northern District of Illinois, and he has represented consumers in state and federal courts around the country on a *pro hac vice* basis.

97617

37.     Michael's published work includes *"AND THE SURVEY SAYS..." When Is Evidence of Actual Consumer Confusion Required to Win a Case Under Section 1692g of the Fair Debt Collection Practices Act in the Seventh Circuit?*, 13 Loy. Consumer L. Rev. 224 (2001).

38.     In March 2018, Theodore H. Kuyper joined the firm.  Ted is currently a member in good standing of the Illinois State Bar, the United States District Court for the Northern District of Illinois, and the Seventh Circuit Court of Appeals, and has been admitted to practice *pro hac vice* in several additional United States District Courts.

39.     Ted has diverse experience prosecuting and defending class action and other large-scale litigation in trial and appellate courts under a variety of substantive laws, including without limitation the Telephone Consumer Protection Act, the Racketeer Influenced & Corrupt Organizations Act (RICO), the Fair Credit Reporting Act, the Illinois Consumer Fraud & Deceptive Business Practices Act, and the Real Estate Settlement Procedures Act, as well as Illinois and other state statutory and common law.

40.     Since joining the firm, Ted has represented consumers as counsel of record or otherwise in the following putative class actions: *Cranor v. Skyline Metrics, LLC*, No. 4:18-cv-00621-DGK (W.D. Mo.); *Cranor v. The Zack Group, Inc.*, No. 4:18-cv-00628-FJG (W.D. Mo.); *Cranor v. Classified Advertising Ventures, LLC, et al.*, No. 4:18-cv-00651-HFS (W.D. Mo.); *Morgan v. Orlando Health, Inc., et al.*, No. 6:17-cv-01972-CEM-GJK (M.D. Fla.); *Morgan v. Adventist Health System/Sunbelt, Inc.*, No. 6:18-cv-01342-PGB-DCI (M.D. Fla.); *Burke v. Credit One Bank, N.A., et al.*, No. 8:18-cv-00728-EAK-TGW (M.D. Fla.); *Motiwala v. Mark D. Guidubaldi & Associates, LLC*, No. 1:17-cv-02445 (N.D. Ill.); *Buja v. Novation Capital, LLC*, No. 9:15-cv-81002-KAM (S.D. Fla.); and *Detter v. Keybank, N.A.*, No. 1616-CV10036 (Circuit Ct. of Jackson County, Missouri).

19

97617

41.     Immediately prior to joining Keogh Law, Ted worked at a boutique Chicago law firm where he represented clients in a range of complex commercial and other litigation, including contract, tort, professional liability, premises and products liability, bad faith and class action. Previously, he was an associate at a nationally-renowned class action law firm, where he focused on complex commercial, consumer, class action and other large-scale, high-stakes litigation.

42.     Ted earned his Juris Doctorate from Washington University School of Law in St. Louis in 2007.  During law school, he worked as a Summer Extern for Magistrate Judge Morton Denlow (Ret.) of the United States District Court for the Northern District of Illinois, served as primary editor and executive board member of the Global Studies Law Review, and authored a student note that was published in 2007.  Ted also earned a number of scholarships and other academic accolades, including the Honors Scholar Award (top 10% for academic year) and repeated appearances on the Dean's List.

**Gregg M. Barbakoff**

43.     Gregg came to the firm in 2019.  He is a civil litigator who focuses his practice on consumer law.  Gregg has extensive experience litigating individual and class claims arising under the Telephone Consumer Protection Act, Fair Debt Collection Practices Act, Truth-in-Lending Act, Fair Credit Reporting Act, Real Estate Settlement Procedures Act, Illinois Consumer Fraud and Deceptive Practices Act, Magnuson-Moss Warranty Act, and various consumer protection statutes.

44.     Gregg graduated *magna cum laude* from the Chicago-Kent College of law, where he was elected to the Order of the Coif.  While in law school, Gregg received the Class of 1976 Honors Scholarship, competed as a senior member of the Chicago-Kent Moot Court Team, and

97617

served as an editor for The Seventh Circuit Review, in which he was also published. Gregg earned his undergraduate degree from the University of Colorado at Boulder.

45.      Gregg has been named an Illinois Rising Star by *Superlawyers* Magazine each year since 2015, and was named an Associate Fellow by the Litigation Counsel of America.  He is licensed to practice in the State of Illinois, the United States District Court for the Northern District of Illinois, and the United States Court of Appeals for the Seventh Circuit.

46.      Prior to joining Keogh Law, Gregg worked at a mid-size litigation firm that specialized in consumer litigation, and leading plaintiff's firm that focused on commercial disputes and consumer class actions.

47.      The following are representative class actions in which Gregg has served as counsel of record or otherwise: *Roberts v. TIAA, FSB* (Case No. 2019 CH 04089, Cook County, Ill.); *Corrigan v. Seterus* (Case No. 17-cv-02348); *Gentleman v. Mass. Higher Ed. Corp., et al* (Case No. 16-cv-3096, N.D. Ill.); *Cibula v. Seterus* (Case No. 2015CA010910, Palm Beach County, Fla.); *Ciolini v. Seterus* (Case No. 15-cv-09427, N.D. Ill.); *Mednick v. Precor Inc.* (Case No. 14-cv-03624, N.D. Ill.); *Illinois Nut & Candy Home of Fantasia Confections, LLC v. Grubhub, Inc., et al.* (Case No. 14-cv-00949, N.D. Ill.); *Dr. William P. Gress et al. v. Premier Healthcare Exchange West, Inc.* (Case No. 14-cv-501, N.D. Ill.); *Stephan Zouras LLP v. American Registry LLC* (Case No. 14-cv-943, N.D. Ill.); *Mullins v. Direct Digital* (Case No. 13-cv-01829, N.D. Ill.); *In Re Prescription Pads TCPA Litigation* (Case No. 13-cv-06897, N.D. Ill); *Townsend v. Sterling* (Case No. 13-cv-3903, N.D. Ill) *Windows Plus, Incorporated v. Door Control Services, Inc.* (Case No. 13-cv-07072, N.D. Ill); *In re Energizer Sunscreen Litigation*, (Case No. 13-cv-00131, N.D. Ill.); *Padilla v. DISH Network LLC* (Case No. 12-cv-07350, N.D. Ill.); *Lloyd v. Employment*

97617

*Crossing* (Case No. BC491068 (Los Angeles County, Cal.); *In re Southwest Airlines Voucher Litigation* (Case No. 11-cv-8176, N.D. Ill.).

**William Sweetnam**

48.     William Sweetnam joined the firm in 2020 as of counsel. Mr. Sweetnam concentrates his practice on class action and complex litigation and appeals, having prosecuted hundreds of consumer, shareholder and antitrust class action in federal and state courts across the country.  In addition to representing both plaintiffs and defendants in a wide variety of cases involving both economic and non-economic injuries, Mr. Sweetnam has acted as lead counsel, co-lead counsel and has been a member of the executive and steering committees in consumer, antitrust and other class action, complex and multidistrict litigation matters.

49.     Notably, Mr. Sweetnam was appointed sole lead counsel in *Kelly v. Old National Bank*, 82C01-1012-CT-627 (Cir. Ct Vanderburgh Cty., Ind.), in which he obtained a settlement valued at more than 90% of the class' damages incurred as a result of the unlawful overdraft fee scheme alleged therein, far exceeding the results obtained by much larger firms against some the countries' largest banks, resulting in individual consumers receiving several thousand dollars in refunded overdraft fees.

50.     Additionally, Mr. Sweetnam has numerous published, class action decisions including *Jett v. Warrantech Corp.*, ---F.Supp.3d---, 2020 WL 525045 (S.D. Ill. 2020); *Old Nat. Bank v. Kelly*, 31 N.E.3d 522 (Ind. App. 2014); *Nava v. Sears, Roebuck & Co.*, 995 N.E.2d 303 (1st Dist. 2013); *Cappuccitti v. DirecTV, Inc.*, 623 F.3d 1118 (11th Cir. 2010); *Pella Corp. v. Saltzman*, 606 F.3d 391 (7th Cir. 2010); *In re Digitek Prod. Liab. Litig.*, 264 F.R.D. 249 (S.D. W. Va. 2010); *Aleman v. Park West Galleries, Inc.*, 655 F. Supp. 2d 1378 (J.P.M.L. 2009); *In re Park West Galleries, Inc. Mktg. & Sales Practices Litig.*, 645 F. Supp. 2d 1358 (J.P.M.L. 2009); *In re*

*Digitek Prod. Liab. Litig.*, 648 F. Supp. 2d 795 (S.D. W. Va. 2009); *Vernon v. Qwest Communs. Int'l, Inc.*, 643 F. Supp. 2d 1256 (W.D. Wash. 2009); *Stachurski v. DirecTV, Inc.*, 642 F. Supp. 2d 758 (N.D. Ohio 2009); *In re Comcast Corp. Set-Top Cable TV Box Antitrust Litig.*, 626 F. Supp. 2d 1353 (J.P.M.L. 2009); *In re Refrigerant Compressors Antitrust Litig.*, 626 F. Supp. 2d 1320 (J.P.M.L. 2009); *Saltzman v. Pella Corp.*, 257 F.R.D. 471 (N.D. Ill. 2009); *Coneff v. AT&T Corp.*, 620 F. Supp. 2d 1248 (W.D. Wash. 2009); *Hoving v. Lawyers Title Ins. Co.*, 256 F.R.D. 555 (E.D. Mich. 2009); *In re Nissan N. Am., Inc. Odometer Litig.*, 664 F. Supp. 2d 873 (M.D. Tenn. 2009); *Hoving v. Lawyers Title Ins. Co.*, 256 F.R.D. 555 (E.D. Mich. 2009); *In re Digitek Prods. Liab. Litig.*, 571 F. Supp. 2d 1376 (J.P.M.L. 2008); *In re BP Prods. N. Am., Inc.*, 560 F. Supp. 2d 1377 (J.P.M.L. 2008); *Hoving v. Transnation Title Ins. Co.*, 545 F. Supp. 2d 662 (E.D. Mich. 2008); *In re Nissan N. Am., Inc. Odometer Litig.*, 542 F. Supp. 2d 1367 (J.P.M.L. 2008); *Berry v. Budget Rent a Car Sys.*, 497 F. Supp. 2d 1361 (S.D. Fla. 2007); *Cook v. Home Depot U.S.A., Inc.*, 62 U.C.C. Rep. Serv. 2d (Callaghan) 197 (S.D. Ohio 2007); *Womack v. Nissan N. Am., Inc.*, 550 F. Supp. 2d 630 (E.D. Tex. 2007); *Knudsen v. Liberty Mut. Ins. Co.*, 435 F.3d 755 (7th Cir. 2006); *Knudsen v. Liberty Mut. Ins. Co.*, 411 F.3d 805 (7th Cir. 2005); *Knudsen v. Liberty Mut. Ins. Co.*, 405 F. Supp. 2d 916 (N.D. Ill. 2005); *Enzenbacher v. Browning-Ferris Indus. of Ill.*, 774 N.E.2d 858 (Ill. App. 2002); *In re Nat'l Life Ins. Co.*, 247 F. Supp. 2d 486 (D. Vt. 2002); *Kaskel v. N. Trust Co.*, 45 U.C.C. Rep. Serv. 2d (Callaghan) 827 (N.D. Ill. 2001); *Wardrop v. Amway Asia Pac. Ltd.*, Fed. Sec. L. Rep. (CCH) P91,346 (S.D.N.Y. Mar. 20, 2001); and *Grove v. Principal Mut. Life Ins. Co.*, 14 F. Supp. 2d 1101 (S.D. Iowa 1998).

51.     Before joining Keogh Law, Ltd., Mr. Sweetnam began his career as a lawyer representing plaintiffs in catastrophic injury cases in 1994. In 1995, he began defending corporate,

97617

insurance industry and insurance policyholder clients and ran a successful class action litigation boutique, Sweetnam LLC, established in 2008.

52.     Prior to that, Mr. Sweetnam was a partner at a Chicago class action litigation boutique, where he perfected his skills representing victims of consumer fraud and deceptive and anti-competitive practices.  Mr. Sweetnam has extensive litigation experience in a variety of nationwide class actions in state and federal courts alleging violations of consumer fraud and deceptive trade practices statutes, breach of warranty and violations of federal securities laws, shareholder derivative suits and appeals.

53.     Mr. Sweetnam began his career as a class action and complex litigation practitioner with what is now known as Kessler Topaz Meltzer & Check, LLP, one of the largest class action law firms in the United States, where he was part of a team of lawyers involved in prosecuting class actions challenging abusive marketing practices in several areas involving life insurance and annuities. These cases led to class settlements valued at hundreds of millions of dollars, and sometimes even billions of dollars, with such major life insurance companies as Prudential, Met Life, John Hancock, New York Life, State Farm, American Express/IDS, Transamerica, and many others, as well as to numerous changes in industry sales practices.

54.     Mr. Sweetnam continued his career at one of Chicago's oldest and most respected class action litigation firms, Krislov & Associates, Ltd., where he represented consumers and investors engaged in an array of nationwide class actions in state and federal courts involving everything from consumer fraud to breach of warranty and securities and shareholder derivative lawsuits and appeals.

24

55.     Additionally, Ms. Sweetnam is also a member of a number of associations, including The Federal Bar Associations, Chicago Chapter, The Chicago Bar Association, and The Catholic Lawyers Guild of Chicago.

56.     Mr. Sweetnam received his bachelor's degree at The University of Michigan, Ann Arbor, Michigan in 1990. And later received his juris doctorate degree at the University of Michigan and the De Paul University College of Law where he received the American Jurisprudence Award in Constitutional Law and was a member of the Journal of Art and Entertainment Law.  He has written and lectured on class actions and class action litigation reform.

57.     Mr. Sweetnam has lectured on and lectured on such topics as the following: (a) *Law of Remedies: Damages, Equity and Restitution,* at Chicago-Kent College of Law (2019); (b) *Law of Remedies: Class Actions and Complex Litigation,* at Chicago-Kent College of Law (2018); (c) *The Class Action Fairness Act of 2005:  Selecting a Forum and Keeping It,* at the Illinois Institute for Continuing Legal Education in Chicago, Illinois (2008); (d) *Federalization of Consumer Class Action Litigation:  The Class Action Fairness Act of 2005,* at the John Marshall Law School in Chicago, Illinois (2006).

Executed at Chicago, Illinois, on March 14, 2022.

Keith J. Keogh

97617