# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

RONDA MERCER,

    Plaintiff,

v.                                                         Case No. 6:17-cv-692-WWB-EJK

FDS BANK and DEPARTMENT
STORES NATIONAL BANK,

    Defendants/Third Party
        Plaintiff,

RONDA MERCER,

    Third Party Defendant.
_____/

## ORDER

THIS CAUSE is before the Court on Plaintiff's Motion for Award of Attorneys' Fees and Expenses, and Class Representative Service Award (Doc. 284), Unopposed Motion for Final Approval of Class Action Settlement (Doc. 285), and Unopposed Supplemental Notice for Final Approval of Class Action Settlement and Motion for Attorney Fees and Costs ("**Supplemental Notice**," Doc. 286).

The Class Action Settlement Agreement and Release ("**Settlement**," Doc. 280-1) was preliminarily approved as explained in this Court's August 31, 2021 Order (Doc. 282). The parties have completed the notice process as set forth in the August 31, 2021 Order and seek final approval of the Settlement and an award of attorneys' fees and costs, as well as a class representative service award. The Court held a final fairness hearing in this matter on June 13, 2022, at which the class representative appeared and no objections to settlement were made. (Doc. 288). Of the class members notified, no class

member filed an objection to the proposed settlement, and one opted out. (Doc. 285-2 at 4).

For the reasons set forth in the Report and Recommendation (Doc. 268), which was adopted by this Court, (Doc. 282 at 1), and upon finding that the notice procedures were fully complied with, this Court grants final approval of the Settlement, including, but not limited to, the releases therein. The Court finds that the Settlement is in all respects fair, reasonable, and adequate, and in the best interests of all those affected by it. No objections were filed. Accordingly, this Order binds all Settlement Class Members who did not opt out.

Additionally, Class Counsel moves for the following to be paid from the Settlement Fund: (1) an attorneys' fee award of $500,000.00, or thirty-three percent of the Settlement Fund; (2) reimbursement of expenses in the amount of $53,500.40;[1] and (3) a $20,000.00 service award to the class representative. (Doc. 284 at 3). Pursuant to Federal Rule of Civil Procedure 23(h), a court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement in a certified class action once a claim is made by motion under Federal Rule of Civil Procedure 54(d)(2). Courts should base an award for attorney's fees from a common fund upon a reasonable percentage of the fund established for the benefit of the class. *Camden I Condo. Ass'n, Inc. v. Dunckle*, 946 F.2d 768, 774 (11th Cir. 1991).

Several factors are considered when determining the appropriate percentage to be awarded as a fee. These factors include the: (1) time and labor required; (2) the novelty

---

[1] This includes a $30,000.00 expense for Plaintiff's expert that she "inadvertently left out" of her initial motions. (Doc. 286 at 2–3).

2

and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee for similar work; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and results obtained; (9) experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–719 (5th Cir. 1974).

Based on Class Counsel's arguments, this case was time and labor intensive, spanning over five years, dealt with difficult issues, and involved great uncertainty and risk with respect to the recovery of fees and expenses, as the Telephone Consumer Protection Act ("**TCPA**") does not contain a fee-shifting provision. (Doc. 284 at 5, 13, 15). In fact, Class Counsel's ability to recover fees and expenses was contingent on a successful outcome, and Class Counsel advanced such fees and expenses. (*Id.* at 14). Considering the litigious history of this action, Class Counsel has demonstrated sufficient skills in achieving a settlement where class members are expected to each receive $62 at a five percent claim rate and $31 at a ten percent claim rate. (*Id.* at 2). Class Counsel has participated as lead or class counsel in numerous class settlements, several of which were brought under the TCPA. (*Id.* at 20). Finally, courts in this District have granted a one-third fee award in TCPA cases, as well as other consumer class actions. (*Id.* at 18–19). Therefore, having considered Plaintiff's requests for attorneys' fees and the applicable factors, the Court finds that the fees requested are fair and reasonable and will approve an award of the same.

Next, Class Counsel requests recovery of expenses in the amount of $53,500.40, which consists of expenses related to experts, depositions, travel, and the mediation. (Doc. 284 at 20; Doc. 286 at 2). The Settlement states that Class Counsel will petition the Court for a fee award, which shall include all attorneys' fees and reimbursement of costs and expenses associated with the action. (Doc. 284-1 at 24). Defendants do not oppose the request, and as Plaintiff notes, no class member has objected to any aspect of the Settlement. (Doc. 286 at 2). Therefore, the Court will approve an award of the requested costs.

Lastly, in light of the Eleventh Circuit's denial of a petition for rehearing en banc, Plaintiff's request for a class representative service award of $20,000 will be denied. *Johnson v. NPAS Sols., LLC*, 975 F.3d 1244, 1260 (11th Cir. 2020) (holding an "incentive award . . . that compensates a class representative for h[er] time and rewards h[er] for bringing a lawsuit" to be unlawful).

Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1. Plaintiff's Motion for Award of Attorneys' Fees and Expenses, and Class Representative Service Award (Doc. 284) is **GRANTED in part** as set forth in this Order and **DENIED** in all other respects.

2. Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement (Doc. 285) is **GRANTED**.

3. The Settlement (Doc. 280-1) is **APPROVED**. The parties to the Settlement shall carry out their respective obligations thereunder.

4. The attorneys' fee award in the amount of $500,000.00 and the costs award in the amount of $53,500.40 are **APPROVED**.

5. The requested Class Representative Service Award in the amount of $20,000.00 is **DENIED**.

6. This Court retains jurisdiction over this action, including over the administration, implementation, interpretation, and enforcement of the Settlement.

7. This case is **DISMISSED with prejudice**.

8. The Clerk is directed to close this case.

**DONE AND ORDERED** in Orlando, Florida on August 11, 2022.

_____
WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record